803 255 5187  NELSON-MULLINS LLP  06:03:49 p.m.  10-25-2004  9/27
OCT.20.2004 12:35PM
Case 1:04-cv-12369-NG   Document 1-2   Filed 11/08/2004   Page 1 of 9
NO.195  P.7

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                              SUPERIOR COURT DEPT.

JASMINE D. BUNTON, BY HER LEGAL )
GUARDIAN, LOURENCO P. DOSSANTOS, )    CIVIL ACTION NO. 04-4374
AND LOURENCO P. DOSSANTOS, )
         Plaintiffs, )
)
v. )
)
SEARS ROEBUCK AND CO. )
         Defendant. )

## COMPLAINT AND JURY DEMAND

Now comes Jasmine D. Bunton, by her legal guardian, Lourenco P. Dossantos, and Lourenco P. Dossantos, to commence this products liability action against Sears Roebuck and Co. for injuries suffered from the use of a Kenmore refrigerator.

### PARTIES

1. Plaintiff, Jasmine D. Bunton, a minor, is a citizen residing at 78 Sumner Street, Unit #3, Dorchester, Suffolk County, Massachusetts.

2. Plaintiff, Lourenco P. Dossantos, is the natural father and legal guardian of Jasmine D. Bunton, and is a citizen residing at 78 Sumner Street, Unit #3, Dorchester, Suffolk County, Massachusetts.

3. Sears Roebuck and Co., is a foreign corporation duly authorized to conduct business in the Commonwealth of Massachusetts, with its principal offices located at 3333 Beverly, Road, Hoffman Estates, Illinois 60179.

### FACTS

4. On or about June 29, 2003, Maria Dossantos purchased a new Kenmore refrigerator from a Sears store located in Braintree, Massachusetts.

5. Sears Roebuck Co. designed and manufactured the Kenmore refrigerator.

6. Sears delivered the Kenmore refrigerator and installed same at the residence of Jasmine D. Bunton, Lourenco P. Dossantos and Maria Dossantos, located at 78 Sumner Street, Unit #3, Dorchester, Massachusetts.

7. On or about April 16, 2004, Jasmine D. Bunton, was seriously injured while attempting to free ice lodged in the dispensing unit of the refrigerator door (the "Incident").

8. During the Incident, Jasmine D. Bunton's hand became stuck on mechanical workings.

9. Jasmine D. Bunton could not free herself from the mechanical workings of the ice dispenser and had to wait several hours for emergency personnel to assist in freeing her.

10. Jasmine D. Bunton was rushed to the emergency room for medical treatment for the injury resulting from the Incident.

11. Jasmine D. Bunton has had lengthy surgery in an attempt to correct nerve damage in her hand.

12. Lourenco P. Dossantos was called to the scene of Jasmine D. Bunton's injury and witnessed her pain and suffering.

## COUNT I - NEGLIGENCE

13. Plaintiffs hereby incorporate by reference and restate herein paragraphs 1 through 12 *supra*.

14. Sears Roebuck and Co. had a duty to exercise reasonable care in the design, in providing adequate warnings, and to test and inspect the subject refrigerator so as to prevent injury to foreseeable users.

15. Sears Roebuck and Co. breached its duty to the Plaintiffs by failing to design the refrigerator so that a users hand could not become stuck and injured during an attempt to dislodge ice from the dispenser.

16. Sears Roebuck and Co. breached its duty to the Plaintiffs by failing to provide adequate warnings that injury could occur by putting one's hand into the ice dispenser.

17. Sears Roebuck and Co. breached its duty to the Plaintiffs by failing to design the refrigerator so that a user could not put their hand into the ice dispenser.

18. Sears Roebuck and Co. breached its duty to the Plaintiffs by failing to test and inspect the refrigerator so as to prevent injury to foreseeable users.

19. Plaintiff, Jasmine D. Bunton has suffered injury as a result of Sears Roebuck and Co.'s negligence.

803 255 5187  NELSON-MULLINS LLP  06:04:16 p.m.  10-25-2004  11/27
Case 1:04-cv-12369-NG   Document 1-2   Filed 11/08/2004   Page 3 of 9
OCT.20.2004  12:36PM                                                NO.195  P.9

## COUNT II - BREACH OF WARRANTY

20. Plaintiffs hereby incorporate by reference and restate herein paragraphs 1 through 19 *supra*.

21. At the time of Jasmine D. Bunton's injury, she was a foreseeable user of the refrigerator manufactured and sold by Sears Roebuck Co.

22. The refrigerator allowed a user to put their hand into the ice dispenser and to become stuck and injured by the mechanical workings of the refrigerator, making the refrigerator unreasonably dangerous and not reasonably suitable for the ordinary, intended use.

23. As a result of the unreasonably dangerous, defective condition of the refrigerator, Jasmine D. Bunton was severely injured.

## COUNT III - EMOTIONAL DISTRESS
(Jasmine D. Bunton)

24. Plaintiffs hereby incorporate by reference and restate herein paragraphs 1 through 23 *supra*.

25. Jasmine D. Bunton has suffered emotional pain and suffering resulting from the physical injury and traumatic experience described herein.

## COUNT IV - EMOTIONAL DISTRESS
(Lourenco P. Dossantos)

26. Plaintiffs hereby incorporate by reference and restate herein paragraphs 1 through 25 *supra*.

27. As a result of witnessing his daughter's pain and suffering, Lourenco P. Dossantos has suffered emotional pain and suffering.

WHEREFORE, Plaintiffs demand judgment on each count of their complaint against the Defendant, Sear Roebuck and Co., in the amount to be determined at trial, plus costs, interest and other such relief as the Court deems appropriate.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

803 255 5187  NELSON-MULLINS LLP                    06:04:28 p.m.   10-25-2004    12/27
Case 1:04-cv-12369-NG   Document 1-2   Filed 11/08/2004   Page 4 of 9
OCT.20.2004  12:36PM                                              NO.195   P.10

THE PLAINTIFFS
Jasmine D. Bunton, by her legal guardian, and
Lourenco D. Bunton,
By their attorneys,

*[signature]*

Andrew J. Tine (BBO#633639)
Haese, LLC
70 Franklin Street, 9th Floor
Boston, MA 02110
617-428-0266

803 255 5187　　NELSON-MULLINS LLP　　　　　　　　06:04:33 p.m.　10-25-2004　　13/27
Case 1:04-cv-12369-NG   Document 1-2   Filed 11/08/2004   Page 5 of 9

OCT.20.2004　12:36PM　　　　　　　　　　　　　　　　　　　　　NO.195　P.11

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.　　　　　　　　　　　　　　　　　SUPERIOR COURT DEPT.

```
JASMINE D. BUNTON, BY HER LEGAL      )
GUARDIAN, LOURENCO P. DOSSANTOS,     )
AND LOURENCO P. DOSSANTOS,           )   CIVIL ACTION NO. _____
             Plaintiffs,             )
                                     )
       v.                            )
                                     )
SEARS ROEBUCK AND CO.                )
             Defendant.              )
```

### STATEMENT OF DAMAGES

| | |
|---|---|
| **COUNT I - NEGLIGENCE** | in excess of $25,000 |
| **COUNT II - BREACH OF WARRANTY** | in excess of $25,000 |
| **COUNT III - EMOTIONAL DISTRESS** | in excess of $25,000 |
| **COUNT IV - EMOTIONAL DISTRESS** | in excess of $25,000 |

THE PLAINTIFFS
Jasmine D. Bunton, by her legal guardian, and
Lourenco D. Bunton,
By their attorneys,

*[signature]*

Andrew J. Tine (BBO#633639)
Haese, LLC
70 Franklin Street, 9th Floor
Boston, MA 02110
617-428-0266

803 255 5187    NELSON-MULLINS LLP    06:02:45 p.m.    10-25-2004    5/27
Case 1:04-cv-12369-NG    Document 1-2    Filed 11/08/2004    Page 6 of 9
OCT. 20. 2004  12:34PM                                      NO. 195   P. 3

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|---|
| PLAINTIFF(S) Jasmine D. Bunton, by her legal guardian, Lourenco P. Dossantos and Lourenco P. Dossantos | | DEFENDANT(S) Sears Roebuck & Co. | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Andrew J. Tine, Haese, LLC, 70 Franklin St. Boston, MA 02110 Board of Bar Overseers number: 633639 | | ATTORNEY (if known) | |

Origin code and track designation

Place an x in one box only:
☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
☐ 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Tort | (A) | (✓) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................. New England Medical Ctr. ........ $25,177.00
2. Total Doctor expenses ................................................. $
3. Total chiropractic expenses ........................................... $
4. Total physical therapy expenses ....................................... $
5. Total other expenses (describe) ....................................... $
                                                              Subtotal $
B. Documented lost wages and compensation to date ....................... $
C. Documented property damages to date ................................. $
D. Reasonably anticipated future medical and hospital expenses .......... $
E. Reasonably anticipated lost wages ................................... $ unknown
F. Other documented items of damages (describe) ........................ $ unknown
G. Brief description of plaintiff's injury, including nature and extent of injury (describe) $

Digital nerve lacerations of the left index and middle fingers. Nerve graft from left foot.

                                                              TOTAL $

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                              TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 10/5/04

AOTC-6 m(c005-11/99
A.O.S.C. 1-2000

## CIVIL ACTION COVER SHEET
## INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| CONTRACT | | REAL PROPERTY | | MISCELLANEOUS | |
|---|---|---|---|---|---|
| A01 Services, labor and materials (F) | | C01 Land taking (eminent domain) (F) | | E02 Appeal from administrative Agency G.L. c. 30A (X) | |
| A02 Goods sold and delivered (F) | | C02 Zoning Appeal, G.L. c.40A (F) | | E03 Action against Commonwealth Municipality, G.L. c.258 (A) | |
| A03 Commercial Paper (F) | | C03 Dispute concerning title (F) | | E05 All Arbitration (X) | |
| A08 Sale or lease of real estate (F) | | C04 Foreclosure of mortgage (X) | | E07 c.112,s.12S (Mary Moe) (X) | |
| A12 Construction Dispute (A) | | C05 Condominium lien and charges (X) | | E08 Appointment of Receiver (X) | |
| A99 Other (Specify) (F) | | C99 Other (Specify) (F) | | E09 General contractor bond, G.L. c.149,s.29,29a (A) | |
| **TORT** | | **EQUITABLE REMEDIES** | | E11 Workman's Compensation (X) | |
| B03 Motor Vehicle negligence-personal injury/property damage (F) | | D01 Specific performance of contract (A) | | E14 Chapter 123A Petition-SDP (X) | |
| B04 Other negligence-personal injury/property damage (F) | | D02 Reach and Apply (F) | | E15 Abuse Petition, G.L.c.209A (X) | |
| B05 Products Liability (A) | | D06 Contribution or Indemnification (F) | | E16 Auto Surcharge Appeal (X) | |
| B06 Malpractice-medical (A) | | D07 Imposition of Trust (A) | | E17 Civil Rights Act, G.L.c.12,s.11H (A) | |
| B07 Malpractice-other(Specify) (A) | | D08 Minority Stockholder's Suit (A) | | E18 Foreign Discovery proceeding (X) | |
| B08 Wrongful death,G.L.c.229,s2A (A) | | D10 Accounting (A) | | E96 Prisoner Cases (F) | |
| B15 Defamation (Libel-Slander) (A) | | D12 Dissolution of Partnership (F) | | E97 Prisoner Habeas Corpus (X) | |
| B19 Asbestos (A) | | D13 Declaratory Judgment G.L.c.231A (A) | | E99 Other (Specify) (X) | |
| B20 Personal Injury-Slip&Fall (F) | | D99 Other (Specify) (F) | | | |
| B21 Environmental (A) | | | | | |
| B22 Employment Discrimination (F) | | | | | |
| B99 Other (Specify) (F) | | | | | |

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes  ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT. BUFF COLOR PAPER.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. **04-4374-H**

Jasmine D. Burton, by her legal guardian, Lourenco P. Dossantos and Lourenco P. Dossantos , Plaintiff(s)

v.

Sears Roebuck and Co. , Defendant(s)

## SUMMONS

To the above-named Defendant:

    You are hereby summoned and required to serve upon **Andrew J. Tine of Haese, LLC** plaintiff's attorney, whose address is **70 Franklin St., Boston, MA 02110**, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

    Witness, Suzanne V. DelVecchio, Esquire, at Boston, the **fifth** day of **October**, in the year of our Lord two thousand **and four**.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

803 255 5187  NELSON-MULLINS LLP  06:03:41 p.m.  10-25-2004  8 /27
Case 1:04-cv-12369-NG  Document 1-2  Filed 11/08/2004  Page 9 of 9
OCT.20.2004  12:35PM  NO.195  P.6

# Commonwealth of Massachusetts

SUFFOLK, ss.  SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 

_____, Plff(s),

v.

_____, Def(s).

**SUMMONS**
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

, 200

**N.B. TO PROCESS SERVER:—**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on _____, 200__, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

_____

_____

Dated: _____, 200__