UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASMINE D. BUNTON, BY HER LEGAL GUARDIAN, LOURENCO P. DOSSANTOS, and LOURENCO P. DOSSANTOS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Sears Roebuck and Co.,<br><br>　　　　Defendant. | No.: 04-CV-12369-NG |

**DEFENDANT SEARS, ROEBUCK AND CO.'S ANSWER TO PLAINTIFFS'
COMPLAINT**

Sears, Roebuck and Co. ("Sears") responds as follows to the Complaint of plaintiffs Jasmine D. Bunton, by her legal guardian, Lourenco P. Dossantos, and Lourenco P. Dossantos (the "Plaintiffs"):

**PARTIES**

1-2.　　Sears is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraphs 1 through 2 of the Complaint.

3.　　Sears admits that it is a New York corporation with its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**FACTS**

4-12　　Sears is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraphs 4 through 12 of the Complaint.

**COUNT I - NEGLIGENCE**

13.　　Sears repeats and incorporates by reference herein its responses to the allegations contained in the previous paragraphs as if fully set forth herein.

14. Sears states that the averments contained in Paragraph 14 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Sears denies the same.

15-19. Sears denies the averments contained in Paragraphs 15 through 19 of the Complaint.

## COUNT II - BREACH OF WARRANTY

20. Sears repeats and incorporates by reference herein its responses to the allegations contained in the previous paragraphs as if fully set forth herein.

21. Sears states that the averments contained in Paragraph 21 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Sears denies the same.

22. Sears states that the averments contained in Paragraph 22 of the Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Sears denies the same.

23. Sears denies the averments contained in Paragraph 23 of the Complaint.

## COUNT III - EMOTIONAL DISTRESS
### (Jasmine D. Bunton)

24. Sears repeats and incorporates by reference herein its responses to the allegations contained in the previous paragraphs as if fully set forth herein.

25. Sears denies the averments contained in Paragraph 25 of the Complaint.

## COUNT IV - EMOTIONAL DISTRESS
### (Lourenco P. Dossantos)

26. Sears repeats and incorporates by reference herein its responses to the allegations contained in the previous paragraphs as if fully set forth herein.

27. Sears denies the averments contained in Paragraph 27 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against Sears upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery in whole or in part on a theory of negligence because their own conduct caused or contributed to cause their alleged losses.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery on a theory of negligence because, if Sears was negligent (which Sears specifically denies), then Plaintiffs' own negligence exceeded any amount of negligence alleged on the part of Sears. If Plaintiffs are entitled to recover on a theory of negligence because their negligence did not exceed the amount of negligence alleged on the part of Sears (which Sears specifically denies), their recovery should be reduced by a percentage corresponding to Plaintiffs' own negligence.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery against Sears because their alleged losses were caused by the intervening, superseding misconduct of persons for whose conduct Sears bears no responsibility.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery against Sears because the conduct of persons other than Sears was the sole proximate cause of Plaintiffs' alleged injuries and damage.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovery against Sears because Plaintiffs' alleged damages were caused by the acts or omissions of persons for whose conduct Sears is not responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovery to the extent the Plaintiffs failed to take reasonable steps to mitigate their alleged damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovery against Sears because their alleged damages were caused by misuse of the product.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovery against Sears on a breach of warranty theory because, if the product was defective (which Sears specifically denies), then the Plaintiffs were aware of the defect and the risk created by it, nonetheless used the product unreasonably, and by their unreasonable conduct proximately caused the Plaintiffs' alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovery against Sears because Plaintiffs failed to provide Sears sufficient information regarding their claim or of any alleged breach of warranty in a timely fashion, and Sears has been prejudiced by that failure.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery against Sears to the extent the subject product was substantially changed and/or modified after it left the custody or control of the manufacturer.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery to the extent that they spoliated or otherwise failed to preserve crucial evidence, including the subject ice dispenser.

### THIRTEENTH AFFIRMATIVE DEFENSE

Sears specifically reserves the right to assert additional affirmative defenses as they become known to it.

### JURY DEMAND

Sears demands a trial by jury on all counts so triable.

WHEREFORE, Sears having responded to the Complaint, prays unto the Court as follows:

1. That all claims against Sears be dismissed with prejudice;

2. For recovery of its costs and attorneys' fees, to the extent permitted by law; and

3. For all other relief deemed just and appropriate by this Court.

**SEARS, ROEBUCK AND CO.**

**By its Attorneys,**
**CAMPBELL CAMPBELL EDWARDS & CONROY,**
**PROFESSIONAL CORPORATION,**


___/s/ Julie B. Goldman_____
Richard L. Edwards (BBO# 151520)
Julie B. Goldman (BBO# 648489)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000
redwards@campbell-trial-lawyers.com
jgoldman@campbell-trial-lawyers.com

DATED:  November 15, 2004