IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Jasmine D. Bunton, by her Legal Guardian, Lourenco P. Dossantos, and Lourenco P. Dossantos,  )<br>)<br>)<br>)<br>Plaintiffs,  )<br>)<br>vs.  )<br>)<br>Sears Roebuck and Co.,  )<br>)<br>Defendants  )<br>) | Civil Action No. 04-CV-12369-NG<br><br>**DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

Defendant Sears, Roebuck and Co. ("Sears") responds to Plaintiffs' First Set of Interrogatories as follows:

1. Please identify the individual(s) providing information in response to these interrogatories.

**RESPONSE 1:**

The following responses were prepared by counsel for Sears with the assistance of the Sears Legal Department.

2. Please identify all documents and communications that Sears reviewed to enable it to prepare and make full and true answers to these interrogatories, including the number(s) of any interrogatory response(s) for which such documents or communications provided assistance.

**RESPONSE 2:**

Defendant Sears states that in preparing its responses to these interrogatories, it has searched in all places where documents necessary for full and complete responses would be



located, and made reasonable inquiry of all individuals with knowledge relevant to said responses.

3. As to each person whom Sears expects to testify at trial as a witness, please identify the (a) witness' full name and address, and (b) subject matter, event, or occurrence, to which the witness is expected to testify.

**RESPONSE 3:**

Defendant Sears' investigation is on-going and it has not been determined, at this time, whom it expects to call as witnesses at the trial of this case.

4. As to each person whom Sears expects to testify at trial as an expert witness, please identify the (a) expert's full name, address, and professional qualifications, and (b) subject matter to which the expert is expected to testify.

**RESPONSE 4:**

Defendant Sears' investigation is on-going and it has not determined, at this time, whom it expects to call as an expert at the trial of this matter. Defendant Sears will identify its expert witnesses in accordance with the Court's Scheduling Order.

5. Please identify all documents and communications Sears intends to rely on, submit into evidence, and/or introduce as exhibits at the trial of this matter.

**RESPONSE 5:**

Defendant Sears' investigation is on-going and it has not identified, at this time, the documents and communications it intends to rely on, submit into evidence, and/or introduce at the trial of this matter and reserves the right to supplement its response to this Interrogatory.

6. Please explain any facts or circumstances, that Sears has knowledge of, to support the Fifth, Sixth, and Seventh Affirmative Defenses, as alleged by Sears in its Answer.

**RESPONSE 6:**

Upon information and belief, Jasmine Bunton voluntarily reached her arm up into the ice dispenser, causing her injury. Sears had nothing to do with such conduct, and it was this conduct that caused this injury. Sears is also unaware of who was supervising Jasmine Bunton when she reached her arm up into the ice dispenser. Sears had no control over the supervision of Jasmine Bunton.

7. Please explain any facts or circumstances, that Sears has knowledge of, to support the Ninth Affirmative Defense, as alleged by Sears in its Answer, specifically that if the product was defective, then the Plaintiffs were aware of the defect and the risk created by it.

**RESPONSE 7:**

Plaintiffs should have been aware that voluntarily sticking ones arm into a mechanical ice dispenser could result in personal injury. Sears is unsure of the circumstances that led to Jasmine Bunton reaching up into the ice dispenser. Proper supervision of Jasmine Bunton would have precluded this accident.

8. Please explain any facts or circumstances, that Sears has knowledge of, as to how and when the subject product was substantially changed and/or modified after it left the custody or control of the manufacturer.

**RESPONSE 8:**

Defendant Sears' investigation is on-going. Defendant Sears reserves the right to supplement its response to this Interrogatory.

9. Please provide the case caption, docket number, state and court of any pending litigation or settled litigation relating to the subject refrigerator, Kenmore Model #10653634300.

**RESPONSE 9:**

Defendant Sears objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, Defendant Sears is unaware of any pending or settled litigation involving anyone suffering injury by the ice dispenser with Kenmore model no. 106.53634300.

10. Please provide the case caption, docket number, state and court of any pending litigation or settled litigation relating to injuries caused by the use of any Sears or Kenmore door mounted ice dispensers.

**RESPONSE 10:**

Defendant Sears objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, Defendant Sears has been unable to locate any pending or settled litigation relating to injuries caused by any Sears or Kenmore door mounted ice dispensers.

11. Please identify all documents relating to any recalls of the subject refrigerator, Kenmore Model #10653634300.

**RESPONSE 11:**

None.

12. Please state when, where and who (what entity) manufactured the subject refrigerator, Kenmore Model #10653634300.

**RESPONSE 12:**

The subject refrigerator, Model No. 106.53634300, Serial No. SP2535958, was manufactured at Whirlpool Corporation's Fort Smith, Arkansas division during the week of June 16, 2003.

13. Please identify all documents relating to safety tests performed on the dispenser, ice maker, ice crusher or related parts involved in causing the injuries described in the Complaint.

**RESPONSE 13:**

Sears would not perform such safety tests, but rather relies on the product manufacturer to perform such testing.

14. Please identify all documents discussing the possible dangers and/or injuries that may result from operating the ice dispenser on the subject refrigerator, Kenmore Model #10653634300.

**RESPONSE 14:**

Defendant Sears objects to this request on the grounds that it is overly broad, unduly burdensome and vague. Without waiving such objections, the product does not present any unreasonable danger when installed and used in accordance with the instructions that accompanied the product. Any warnings for the subject model refrigerator would have been included in the literature packaged with the product and on labels attached to the product at the time it was manufactured. Sears refers the Plaintiff to such literature and labels produced pursuant to Initial Disclosures.

15. Please state when, where and who (what entity) designed the subject refrigerator, Kenmore Model #10653634300.

**RESPONSE 15:**

Whirlpool Corporation. The design of subject refrigerator is an evolutionary process that involves many individuals over an extended period of time. It would be impossible to identify all the individuals over the years who played a part in the design of the subject refrigerator.

16. Please identify all documents relating to service calls on this specific refrigerator, Kenmore Model #10653634300, Serial Number SP2535958.

**RESPONSE 16:**

Sears refers the Plaintiffs to service call related documents produced pursuant to Initial Disclosures.

        As to objections,
        SEARS, ROEBUCK AND CO.

        By its Attorneys,
        CAMPBELL CAMPBELL EDWARDS & CONROY,
        PROFESSIONAL CORPORATION

        _____
        Richard L. Edwards (BBO# 151520)
        Julie B. Goldman (BBO# 648489)
        One Constitution Plaza
        Boston, MA 02129
        (617) 241-3000
        redwards@campbell-trial-lawyers.com
        jgoldman@campbell-trial-lawyers.com

Dated: February __, 2005