UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASMINE D. BUNTON, BY HER LEGAL GUARDIAN, LOURENCO P. DOSSANTOS, and LOURENCO P. DOSSANTOS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No.: 04-CV-12369-NG ) |
| SEARS ROEBUCK AND CO., and WHIRLPOOL CORPORATION, | ) ) ) ) |
| Defendants. | ) |

## ASSENTED TO CONFIDENTIALITY ORDER

Pursuant to Fed. R. Civ. P. 26(c)(7), Sears Roebuck and Co. and Whirlpool Corporation (collectively "Defendants"), having presented a motion for entry of a Confidentiality Order for this Court's consideration, the entry of which the plaintiffs have assented, it is hereby ORDERED:

**1.    Protected Information.**  The Defendants, when producing information through discovery or otherwise, and any third-party subpoenaed to produce information, may designate as confidential any information which contains confidential, trade secret, proprietary, or commercial information, or information the disclosure or discovery of which should only be allowed under specific terms or conditions.  As used in this Order, "documents" shall include not only the original documents, but all information contained in such documents, all copies of such documents, and all summaries of their contents and shall also include other forms of media including, but not limited to, CD-ROMs, photographs, and videotapes.  As used in this Order, "testimony" shall include not only the original transcripts of such testimony, but also the information disclosed in such testimony, all copies of transcripts of such testimony, and all

summaries of such transcripts. This Order is subject to the Local Rules of this District and of the Fed. R. Civ. P. on matters of procedure and calculation of time periods. All documents or information which the Defendants or subpoenaed third-party designates as "confidential" shall be clearly labeled or stamped "CONFIDENTIAL." All information so designated shall be kept confidential subject to the terms of this Order. The designation of any document may be challenged by the plaintiffs subject to paragraph 9, below.

    A.    Any document mistakenly produced or disclosed by the Defendants without a "CONFIDENTIAL" designation after the entry of this Order may be subsequently designated as "CONFIDENTIAL." In each such case, the Defendants shall provide to all other parties written notice of that designation and a copy of the document appropriately marked. No person shall be liable for publicly disclosing such document if that disclosure occurred prior to receipt of said written notice.

    B.    Any document produced by the Defendants prior to entry of this Order, shall be treated as if marked "CONFIDENTIAL" until 30 days after entry of this Order. During this 30-day period, the Defendants may designate any such documents as "CONFIDENTIAL" by providing to all other parties written notice of that designation and a copy of the document appropriately marked. Any documents produced prior to entry of the Order that are not designated as "CONFIDENTIAL" during the 30-day period shall not be treated as confidential after the expiration of this period. Provided, however, that any document that is not designated as "CONFIDENTIAL" during this 30-day period may subsequently be designated by the Defendants as "CONFIDENTIAL" by providing to all other parties written notice of that designation and a copy of the document appropriately marked. With regard to any such document marked

"CONFIDENTIAL" after expiration of the 30-day period, no party shall be liable for publicly disclosing such document if that disclosure occurred after expiration of the 30-day period and before receipt of any notice designating that document "CONFIDENTIAL."

C. Any party wishing to designate as "CONFIDENTIAL" the entirety or any portion of any deposition testimony, or any document introduced or marked as an exhibit during a deposition, may do so on the record at any time during the deposition, or within 30 days after receipt of the deposition transcript, by providing written notice of the designation to the parties and any other affected person. Unless the parties agree otherwise, deposition testimony and any documents introduced or marked as an exhibit during a deposition shall be treated as if marked "CONFIDENTIAL" for 30 days after receipt of the deposition transcript. The party making the designation shall be responsible for ensuring that those portions of the deposition transcript and exhibits designated as "CONFIDENTIAL" are appropriately marked and sealed by the reporter.

2. **Non-Disclosure of Confidential Information.** Except with the prior written consent of the Defendants or subpoenaed third-party that produced it, or as otherwise provided under this Order, information designated "CONFIDENTIAL" shall not be disclosed to any individual or entity, in any form whatsoever, except to those persons, and for those purposes, provided in paragraph 3, below.

3. **Permissible Disclosures.** Notwithstanding paragraph 2, information designated "CONFIDENTIAL" shall be used only for purposes of this litigation, subject to subparagraph (G), below, and may be disclosed only to the following persons:

A. The Court, all parties, representatives of the parties, and counsel for the parties;

3

B. Fact witnesses and deponents in this case;

C. Any outside experts or consultants retained by counsel or the parties to the extent reasonably necessary to litigate this action;

D. Partners, associates, secretaries, paralegal assistants, and employees of counsel for the parties, and third party administrative personnel such as copy services and couriers, to the extent reasonably necessary to render professional services in the litigation;

E. Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, mediators, facilitators, and any special masters appointed by the Court); and

F. Persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper, after a hearing.

G. Any document designated as "CONFIDENTIAL" may continue to be used by the party which owns or authored the document in connection with the owner's or author's business, as it deems necessary. In no event shall a "CONFIDENTIAL" designation on any document preclude the author or owner of such document from (a) using such documents in the regular course of the owner's or author's business; (b) revoking the "CONFIDENTIAL" designation on any such document; or (c) disclosing such documents to any witness in this action, or employee or agent for such party. Use or disclosure of a document previously designated as "CONFIDENTIAL" by the author or owner of such document shall not constitute a waiver of the "CONFIDENTIAL" designation.

4.      **Confidential Information at Trial.**  The provisions of this Order shall not apply to restrict the use of confidential information at the trial of this action.  A party which intends to present or which anticipates that another party may present at trial "CONFIDENTIAL" documents or information derived therefrom shall identify the issue, but not the information, in the pretrial memorandum.  Any party may move the Court for an order that evidence be received at trial *in camera* or under other conditions to prevent unnecessary disclosure.  The Court will then determine whether the confidential information should continue to be treated as such and, if so, what protection, if any, may be afforded to such information at the trial.

5.      **Previously Disclosed Information.**  The restrictions and obligations set forth herein relating to "CONFIDENTIAL" information shall not apply to any information which (a) is already public knowledge, (b) the disclosing party agrees, or the Court rules, has become public knowledge, other than as a result of disclosure by the receiving party, (c) was already known to the receiving party under conditions such that its use and/or public disclosure by the receiving party would not violate some legal obligation, which knowledge is established by pre-production documentation or upon written notice and agreement between the parties regarding the use of such materials, or (d) has come or shall come into the receiving party's legitimate possession independently of the producing party.  Such restrictions and obligations shall not be deemed to prohibit discussions with any person of "CONFIDENTIAL" material if said person already has or obtains legitimate possession thereof, without restrictions which would independently prohibit such discussion.

6.      **Custody and Safekeeping of Confidential Information.**  Counsel for a party to which confidential information has been produced shall be responsible for taking appropriate

5

precautions to preserve the confidentiality of the protected information. The duplication of confidential information shall be limited to what is reasonably necessary for the conduct of this litigation.

**7.     Filing of Documents Containing Confidential Information with the Court.** Documents containing confidential information may be filed with the Court to the extent reasonably necessary to support motions or other matters relating to the litigation. However, such documents shall be filed in a sealed envelope and, on the outside of the envelope, marked in such a way as to apprise the Court that the envelope has been filed under seal and contains documents subject to the terms of this Order. If any person fails to file confidential documents or information under seal, the introducing party, or any party claiming confidentiality for the documents or information, may request that the Court place the filing under seal, and the Clerk of the Court shall, without the need for a further Order, place such filing under seal.

**8.     Non-Termination.**  The provisions of this Order shall continue after the conclusion of this litigation. Within 120 days after final conclusion of all aspects of this litigation, including all appeals, all documents labeled "CONFIDENTIAL" and all copies of same (other than exhibits of record) shall be returned to the party which produced such documents or, at the option of the producer, destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

**9.     Declassification.** If any party objects to the designation of any document as "CONFIDENTIAL" by any other party, the objecting party shall notify counsel for the parties. If the confidential designation is not retracted or lifted by agreement of the party so designating, the objecting party may apply to the Court for a ruling that such information is not entitled to

confidential status.  The party that designated information as "CONFIDENTIAL" has the burden to prove that there is good cause for the information to have such protection.  Any disputed documents or other materials shall be treated as confidential under this Protective Order until the Court rules otherwise.

        **10.**    **Other Disclosures Required by Law.**  Notwithstanding any of the non-disclosure obligations set forth in this Order, such obligations shall not extend to any information or documents required to be produced for purposes other than this litigation by court order, subpoena issued to a receiving party, a regulatory agency, or otherwise by law.  The party required to produce information designated as "CONFIDENTIAL" under this Order shall notify all other parties promptly of the happening of any one of the following events: (a) a request by anyone to examine, inspect or copy any documents produced pursuant to this Order; and (b) any attempt to serve, or the actual service of, any court order, subpoena, summons or request for production of such documents.

        **11.**    **Modification and Other Relief.**  Nothing in this Order shall prevent any party from seeking a modification of this Order or from objecting to discovery that it believes to be otherwise objectionable.  This Order shall not prevent anyone from applying to the Court for relief therefrom.  This Order shall further not prevent anyone from applying to the Court for further or additional protective orders, or prevent the parties from agreeing between themselves in writing to modifications of this Order, subject to the approval of the Court.

IT IS SO ORDERED.

Dated:  May ____, 2005                                                _____
                                                                  Hon. Joyce London Alexander
                                                                  Magistrate Judge, U.S. District Court

        **Respectfully submitted**
        **SEARS, ROEBUCK AND CO.,**
        **and WHIRLPOOL CORP.**
        **By their Attorneys,**
        **CAMPBELL CAMPBELL EDWARDS &**
        **CONROY, PROFESSIONAL CORPORATION**

        /s/ Steven M. Key
        Richard L. Edwards (BBO# 151520)
        Steven M. Key (BBO# 638145)
        One Constitution Plaza
        Boston, MA 02129
        (617) 241-3000
        redwards@campbell-trial-lawyers.com
        skey@campbell-trial-lawyers.com

                  AND

        Robert W. Foster, Jr., Esq. (Admitted Pro Hac Vice)
        Nelson Mullins Riley & Scarborough LLP
        1320 Main Street, 17th Fl.
        Columbia, South Carolina 29201
        (803) 799-2000

Assent:

/s/ Andrew J. Tine
Andrew J. Tine, Esq. (BBO #0633639)
Haese, LLC
30 Federal Street, 3rd Floor
Boston, MA 02110
(617) 428-0266
atine@haese.com


Dated: May 17, 2005