UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASMINE D. BUNTON, BY HER LEGAL GUARDIAN, LOURENCO P. DOSSANTOS, and LOURENCO P. DOSSANTOS,<br>      Plaintiffs,<br><br>    v.<br><br>SEARS ROEBUCK AND CO., and WHIRLPOOL CORPORATION.<br>      Defendants. | No.: 04-CV-12369-NG |

**DEFENDANT WHIRLPOOL CORPORATION'S
ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Whirlpool Corporation ("Whirlpool") responds as follows to the Amended Complaint of plaintiffs Jasmine D. Bunton, by her legal guardian, Lourenco P. Dossantos, and Lourenco P. Dossantos (the "Plaintiffs"):

**PARTIES**

1.    Whirlpool denies the averments made in paragraph 1 of the Amended Complaint.

2.    Whirlpool is without information or knowledge sufficient to form a belief as to the truth of the averments that Lourenco Dossantos is the legal guardian of Jasmine D. Bunton. As to all other factual allegations in paragraph 2 of the Amended Complaint, Whirlpool denies.

3.    Whirlpool admits that Sears is a New York corporation with its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

4.    Whirlpool admits that it is a Delaware corporation duly authorized to conduct business in the Commonwealth of Massachusetts and that its principal offices are located at 2000 North-63 Administrative Center, Benton Harbor, MI. 49022

## FACTS

5. Whirlpool admits that on or about June 29, 2003 Maria Dossantos purchased a Kenmore refrigerator from a Sears store located in Braintree, Massachusetts.

6. Whirlpool denies the averments set forth in Paragraph 6 of the Amended Complaint.

7. Whirlpool admits that Whirlpool Corporation designed and manufactured the Kenmore refrigerator sold to Maria Dossantos.

8. Whirlpool is without sufficient information to form a belief as to the truth of the averments set forth in paragraph 8 of the Amended Complaint.

9-14. Whirlpool denies the averments set forth in Paragraphs 9-14 of the Amended Complaint.

## COUNT I - NEGLIGENCE

15. Whirlpool repeats and incorporates by reference herein its responses to the allegations contained in the previous paragraphs as if fully set forth herein.

16. Whirlpool states that the averments contained in Paragraph 16 of the Amended Complaint constitute legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Whirlpool denies the same insofar as they are directed to Whirlpool. Whirlpool does not have sufficient information to admit or deny the remainder of these allegations insofar as they are directed towards other parties in this lawsuit.

17-21. Whirlpool denies the averments contained in Paragraphs 17 through 21 of the Amended Complaint insofar as they are directed to Whirlpool. Whirlpool does not

have sufficient information to admit or deny the remainder of these allegations insofar as they are directed towards other parties in this lawsuit.

## COUNT II - BREACH OF WARRANTY

22.     Whirlpool repeats and incorporates by reference herein its responses to the allegations contained in the previous paragraphs as if fully set forth herein.

23.     Whirlpool states that the averments contained in Paragraph 23 of the Amended Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, Whirlpool denies the same.

24.     Whirlpool states that the averments contained in Paragraph 24 of the Amended Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, Whirlpool denies the same.

25.     Whirlpool denies the averments contained in Paragraph 25 of the Amended Complaint.

## COUNT III - EMOTIONAL DISTRESS
### (Jasmine D. Bunton)

26.     Whirlpool repeats and incorporates by reference herein its responses to the allegations contained in the previous paragraphs as if fully set forth herein.

27.     Whirlpool denies the averments contained in Paragraph 27 of the Amended Complaint.

## COUNT IV - EMOTIONAL DISTRESS
### (Lourenco P. Dossantos)

28.     Whirlpool repeats and incorporates by reference herein its responses to the allegations contained in the previous paragraphs as if fully set forth herein.

29. Whirlpool denies the averments contained in Paragraph 29 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state a claim against Whirlpool upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery in whole or in part on a theory of negligence because their own conduct caused or contributed to cause their alleged losses.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery on a theory of negligence because, if Whirlpool was negligent (which Whirlpool specifically denies), then Plaintiffs' own negligence exceeded any amount of negligence alleged on the part of Whirlpool. If Plaintiffs are entitled to recover on a theory of negligence because their negligence did not exceed the amount of negligence alleged on the part of Whirlpool (which Whirlpool specifically denies), their recovery should be reduced by a percentage corresponding to Plaintiffs' own negligence.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery against Whirlpool because their alleged losses were caused by the intervening, superseding misconduct of persons for whose conduct Whirlpool bears no responsibility.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovery against Whirlpool because the conduct of persons other than Whirlpool was the sole proximate cause of Plaintiffs' alleged injuries and damage.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovery against Whirlpool because Plaintiffs' alleged damages were caused by the acts or omissions of persons for whose conduct Whirlpool is not responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovery to the extent the Plaintiffs failed to take reasonable steps to mitigate their alleged damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovery against Whirlpool because their alleged damages were caused by misuse of the product.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovery against Whirlpool on a breach of warranty theory because, if the product was defective (which Whirlpool specifically denies), then the Plaintiffs were aware of the defect and the risk created by it, nonetheless used the product unreasonably, and by their unreasonable conduct proximately caused the Plaintiffs' alleged damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery against Whirlpool because Plaintiffs failed to provide Whirlpool sufficient information regarding their claim or of any alleged breach of warranty in a timely fashion, and Whirlpool has been prejudiced by that failure.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery against Whirlpool to the extent the subject product was substantially changed and/or modified after it left the custody or control of the manufacturer.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery to the extent that they spoliated or otherwise failed to preserve crucial evidence, including the subject ice dispenser.

### THIRTEENTH AFFIRMATIVE DEFENSE

Whirlpool specifically reserves the right to assert additional affirmative defenses as they become known to it.

### JURY DEMAND

Whirlpool demands a trial by jury on all counts so triable.

WHEREFORE, Whirlpool, having responded to the Amended Complaint, prays unto the Court as follows:

1. That all claims against Whirlpool be dismissed with prejudice;

2. For recovery of its costs and attorneys' fees, to the extent permitted by law; and

3. For all other relief deemed just and appropriate by this Court.

**WHIRLPOOL CORPORATION**
By its attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY,
PROFESSIONAL CORPORATION,


/s/ Steven M. Key
Richard L. Edwards (BBO# 151520)
Steven M. Key (BBO# 638145)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000
redwards@campbell-trial-lawyers.com
skey@campbell-trial-lawyers.com

AND

Robert W. Foster, Jr., Esq. (Admitted Pro Hac Vice)
NELSON MULLINS RILEY & SCARBOROUGH, LLP
1320 Main Street, 17th Fl.
Columbia, South Carolina  29201
(803) 799-2000

Dated:  May 24, 2005