# Marc H. Richman, Inc.

*Consulting Engineers - Forensic Engineers - Metallurgists/Materials Engineers*

One Richmond Square<br>
Suite 107C<br>
Providence, Rhode Island 02906<br>
Telephone: 401-751-9656<br>
Facsimilie: 401-751-9210<br>
mhrichman@aol.com<br>
www.marchrichmanengineering.com

30 June 2005

Andrew J. Tine, Esq.
Haese, LLC
30 Federal Street, 3rd Floor
Boston, MA 02110-2508

In re: **Dossantos and Bunton v Sears – Preliminary Report**

Ref: 4995

Dear Mr. Tine:

In response to your request, I have investigated the injuries to Jasmine D. Bunton and have examined the refrigerator/freezer associated with those injuries. Due to the delay in production of detailed dimensional drawings of the parts and components of the ice maker/crusher/dispenser as well as factory replacement parts for the instant refrigerator/freezer, my investigation cannot be completed at this time. The following, therefore, is a preliminary report of that investigation as well as my preliminary opinions in this matter.

### 1. Introduction:

The following report is based upon my inspection of the instant refrigerator/freezer, my discussions with Jasmine D. Bunton and Laurenco P. Dossantos, and my review of discovery materials Bates 1-388. It is also based upon my experience of 36 years as a Professor of Engineering at Brown University, Providence, RI and over 48 years as a Forensic Engineer in private practice.

### 2. Background:

On 16 April 2004, Jasmine D. Bunton was trying to free up an ice jam at the output of the through the door ice dispenser in the refrigerator/freezer in her home. She was using her fingers to unblock the opening and, in so doing, her fingers entered further into the mechanism where they met the moving parts of the ice crusher.

She attempted to extricate her hand, but was unable to do so. The Boston Fire Department responded and, after removing some of the parts on the inside of the freezer door, were able to release her hand and transport her for medical treatment.

**EXHIBIT C**

06/30/2005  15:38  4017519210        MARC H. RICHMAN, INC            PAGE  03

In re: <u>**Dossantos and Bunton v Sears – Preliminary Report**</u> – 30 June 2005 – Page 2 –

### 3. Investigation

On 31 March 2005, I met with you at the residence of Jasmine Bunton and Laurenco Dossantos and inspected the instant refrigerator/freezer.

Those parts which had been removed or broken during the rescue attempt had not been replaced.

I also spoke with Jasmine Bunton and Laurenco Dossantos.

### 4. Analysis

Without the detailed dimensional drawings which have not yet been produced by defendants and without the factory replacement parts to render the ice crusher and dispenser operational, only a preliminary analysis can be performed at this time. When those discovery materials are produced, a final analysis and report will be issued.

The injury to Jasmine Bunton would not have occurred unless the refrigerator/freezer were so designed and/or manufactured to allow her fingers to penetrate into the ice dispenser from outside the door sufficiently far as to reach the point of operation of the ice crusher without any interlock shutting off the moving parts of the ice crusher or without a guard blocking her access to that point of operation.

The refrigerator/freezer should have been designed so that the small fingers of a child of this age could not reach in from the outside and encounter the moving parts of the ice crusher mechanism.

There should have been a guard to block access from the outside and/or an interlock switch to deactivate the moving parts of the ice crusher mechanism in the event that a child tried to reach in from the outside. Barrier guards of various types have been stipulated by ANSI and ASME for protecting people from moving parts at points of operation. The dimensions of the necessary barrier guards are dependant on the dimensions of the opening and the distance from the throat of that opening to the point of operation. Code button(s) on the exterior of the door to STOP the ice dispenser would have rendered it more child resistant.

The manual for the refrigerator/freezer should have warned of the danger of using one's fingers to clear a blockage in the ice dispenser and done so with the necessary warning and danger symbols in the manual or by the use of video tape or DVD to illustrate to the purchasers how to use the refrigerator/freezer safely and without risk.

A child resistant means should have been incorporated into the ice dispenser to 'lock out' the device to children who should not be utilizing it.

The need for barrier guards and/or interlocks is dictated by the use of articulated probes (simulating hands and fingers of adults and children). While there is deposition testimony that a 'probe' was used by the manufacturer, this probe was not an anthropomorphic children's probe. Anticipating that the ice dispenser would be used by youngsters without parental supervision, the clearing of a blockage at the mouth of that dispenser by a youngster should also have been anticipated and proper guards, interlocks, and other devices incorporated into the design of this

**EXHIBIT C**

In re: **Dossantos and Bunten v Sears – Preliminary Report** – 30 June 2005 – Page 3 –

refrigerator/freezer to preclude that youngster from having his/her fingers injured in the ice crushing mechanism.

### 5. Preliminary Opinions

Based upon the above-described preliminary investigation, the following are my preliminary opinions in this matter:

The instant refrigerator/freezer was defective in its design and/or manufacture and was unfit for its intended purpose in that there was access to the moving parts of the ice crusher mechanism from the exterior of the freezer door by a youngster's fingers with no operational interlock to shut off the moving parts when entry was made.

The instant refrigerator/freezer was defective in its design and/or manufacture and was unfit for its intended purpose in that the manual did not adequately warn by text, schematics, or decals or videos of the dangers to be encountered by someone (especially a youngster) trying to clear a jam with their fingers from the outside.

Sincerely,

Marc H. Richman, Sc.D., P.E.
President

MHR/cp
Datawp\Dossantos Prelim Report.doc

**EXHIBIT C**