UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASMINE D. BUNTON, BY HER LEGAL GUARDIAN, LOURENCO P. DOSSANTOS, and LOURENCO P. DOSSANTOS,<br><br>PLAINTIFFS,<br><br>v.<br><br>SEARS ROEBUCK AND CO. et al.,<br><br>DEFENDANTS. | CIVIL ACTION NO.: 04-CV-12369-JLA |

## ASSENTED TO MOTION TO AMEND SCHEDULING ORDER

NOW come the plaintiffs, Jasmine D. Bunton, by her legal guardian, and Lourenco P. Dossantos, and move this Honorable Court for a continuance of the date by which plaintiffs must complete expert disclosures from July 1, 2005 to July 30, 2005. Further, plaintiffs' request that its scheduling order be modified, as prayed for, to accommodate this continuance. Defendants assent to this motion. In support of this motion, plaintiffs state as follows:

1. The refrigerator involved in the injury to plaintiff, Jasmine D. Bunton, was disassembled, in part, by firefighters/rescue workers, and the ice dispenser/crusher was discarded prior to plaintiffs' retention of counsel. Plaintiffs are not in possession of a refrigerator with a working and complete ice dispenser/crusher assembly for analysis by their expert(s).

2. On April 14, 2005, plaintiffs requested that Whirlpool, "Produce all drawings/plans of the refrigerator showing all components with dimensions and assembly configuration." Whirlpool

−1−

responded on or about May 14, 2005, to this request stating, "Whirlpool objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence." Subject to this objection Whirlpool Corporation ("Whirlpool") produced a parts list and other documents, <u>but no dimensioned plans</u>. Without dimensioned plans, plaintiffs' expert cannot measure, analyze and understand the assembly and its design/construction.

3. Plaintiffs counsel followed up on this request on May 17, 2005, stating:

> We are in receipt of Whirlpool Corporation's Responses to Plaintiff's First Request for Production of Documents. Of immediate concern is that Whirlpool Corporation has objected to and failed to produce any drawings/plans of the refrigerator which show all components with dimensions and assembly configuration (Request No. 2). These drawings/plans must exist, are relevant, and are needed for our expert to complete his analysis. I request that you immediately amend Whirlpool Corporation's responses and produce drawings/plans which are responsive to the request. If this response is not seasonably amended and such documents produced by May 20, 2005, we will move to compel same. Further, we need to receive these plans by May 20, 2005, in hand, to adequately prepare for Whirlpool Corporation's deposition on May 23, 2005.

4. Whirlpool's counsel responded on May 25, 2005 to the May 17th letter stating, in part, "If you would agree to narrow request number 2 to drawings/plans of the refrigerator depicting the ice making feature of the refrigerator with dimensions and assembly configuration rather than searching for and producing every diagram it has of every component of the entire refrigerator, Whirlpool would agree to search for and produce documents that are responsive to such a request."

5. On May 31, 2005, plaintiffs served a second set of requests for production upon Whirlpool, tailored to avoid the objections of Whirlpool, seeking:

> 1. Produce all drawings/plans of the freezer door, dispenser, ice maker and crusher

assembly, showing all components with dimensions and assembly configuration.

2. Produce the agreement or controlling document which establishes a relationship between Sears and Whirlpool Corporation for the design and manufacturing of the subject model refrigerator.

3. Produce the subject model refrigerator for inspection and photographing at the nearest Whirlpool Corporation facility in possession of same.

6. At the 30(b)(6) deposition of Whirlpool, it was learned that the dimensioned drawings sought exist and could be used to determine distances from the opening to mechanical parts of the ice dispenser/crusher. However, Whirlpool's 30(b)(6) designee did indicate that it would be far easier to make such measurements from a re-assembled refrigerator.

7. Plaintiffs will be severely prejudiced if their expert is not permitted to review and analyze dimensioned drawings and a working/complete refrigerator with ice maker/crusher unit.

WHEREFORE, Plaintiffs seek an amendment of the February 8, 2005 scheduling order, which has been amended in part by this Court's order of June 6, 2005, as follows:

(4) The plaintiff is to provide expert disclosure (or supplemental expert disclosure) on or before July 30, 2005; the defendant is to provide expert disclosure on or before September 30, 2005;

(5) The plaintiff is to produce proposed trial experts for deposition on or before August 30, 2005; the defendant is to produce proposed trial experts for deposition on or before October 15, 2005;

<table>
<tr><td>

Plaintiffs,

*[signature]*

---
Andrew J. Tine (BBO#633639)
Haese, LLC
30 Federal Street
Boston, MA 02110
(617) 428-0266 – Telephone
(617) 428-0276 – Fax
atine@haese.com

</td><td>

ASSENTED TO:

Defendants,
SEARS ROEBUCK AND CO. et al,

*[signature] w/ permission*

---
Richard L. Edwards, BBO #151520
Steven Key, BBO # 638145
CAMPBELL CAMPBELL EDWARDS
& CONROY P.C.
One Constitution Plaza
Boston, Massachusetts 02129
(617) 241-3000
redwards@campbell-trial-lawyers.com
jgoldman@campbell-trial-lawyers.com

</td></tr>
</table>

DATED: July 1, 2005

## CERTIFICATE OF SERVICE

I, Andrew J. Tine, hereby certify that I served the forgoing assented to motion this 1st day of July 2005 on Steven Key, Esq., Campbell Campbell Conroy and Edwards, One Constitution Plaza, Boston, MA, via U.S. Mail postage prepaid.

_____