UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASMINE D. BUNTON, BY HER LEGAL GUARDIAN, LOURENCO P. DOSSANTOS, and LOURENCO P. DOSSANTOS,<br><br>PLAINTIFFS,<br><br>v.<br><br>SEARS ROEBUCK AND CO., and WHIRLPOOL CORPORATION,<br><br>DEFENDANTS. | CIVIL ACTION NO.: 04-CV-12369-NG |

## PLAINTIFF JASMINE BUNTON'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT

1. On or about June 29, 2003 the Dossantos/Bunton family purchased a new refrigerator with an integrated ice dispenser unit, from a Sears Roebuck and Co. ("Sears") store in Braintree, Massachusetts. This refrigerator was designed and manufactured by defendant Whirlpool Corporation, Inc. ("Whirlpool") and sold under the Sears brand name - "Kenmore". See Boughton Deposition, June 17, 2005, p. 19-20, attached hereto as Exhibit A.

2. The refrigerator was delivered and installed in plaintiff's house. On or about April 16, 2004, then eight-year old plaintiff, Jasmine Bunton, reached up into the icemaker with her left hand, in an attempt to free up an ice jam in the chute of the ice dispenser with her hand. Her forearm and elbow activated the crusher mechanism and blades, located about 9" above the chute exit, started to operate and severely lacerated her left hand. A rescue team was finally able to free the plaintiff by dissembling the ice dispenser. Plaintiff had to undergo extensive surgery. See Bunton Deposition, April 6, 2004, P. 24–32, attached hereto as Exhibit B, and Expert Report of Dr. Nalebuff, attached hereto as Exhibit D.

1

3. Whirlpool concedes in deposition of its corporate representative and expert, Stephen M. Boughton, that plaintiff was a foreseeable user of the product. See Boughton Deposition, June 17, 2005, P. 47:8-16, attached hereto as Exhibit A.

4. The ice dispenser was not considered to be a dangerous item as conceded by Whirlpool's expert. See Boughton Deposition, P. 49, attached hereto as Exhibit A.

5. Safer, equally functional design alternatives were available to defendants and were not used. See Boughton Deposition, P. 58, attached hereto as Exhibit A, and Expert Report of Dr. Marc Richman, dated June 27, 2005, P. 5, attached hereto as Exhibit C.

6. The attempt to free up ice with one's hand was a foreseeable use as opposed to unforeseeable misuse as conceded by defendants' corporate representative and expert. See Boughton Deposition, P. 41, 47, 53, attached hereto as Exhibit A.

Plaintiffs,
By their attorneys,

Andrew J. Tine (BBO#633639)
Haese, LLC
30 Federal Street
Boston, MA 02110
(617) 428-0266 – Telephone
(617) 428-0276 – Fax
atine@haese.com

2