UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASMINE D. BUNTON, BY HER LEGAL GUARDIAN, LOURENCO P. DOSSANTOS, and LOURENCO P. DOSSANTOS,<br><br>PLAINTIFFS,<br><br>v.<br><br>SEARS ROEBUCK AND CO., and WHIRLPOOL CORPORATION,<br><br>DEFENDANTS. | CIVIL ACTION NO.: 04-CV-12369-NG |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS**

Defendants' Statement of Material Facts contains many contested facts and incorrect inferences. Plaintiffs' hereby respond to same as follows:

1. Not disputed.

2. The statement that the accident was a "completely unforeseeable event and misuse of the product" is a legal conclusion and not factually supportable. Defendant Whirlpool Corporation's Rule 30(b)(6) witness, Mr. Boughton, testified that an attempt to free up an ice jam by reaching up the chute with one's hand was a <u>foreseeable</u> incident. (Boughton Depo. P. 40:19-24, 41:6:23 and P. 47:13-16) He went on to state that he clears ice jams himself in that exact manner, by sticking his hand up the ice chute. (Boughton Depo. P. 53:18-24) Furthermore, defendants' statements that Mr. Boughton had never heard of a similar accident and that Plaintiff has not produced witnesses of similar accidents is irrelevant.

3. Defendants again state that the plaintiff's attempt to free up an ice jam by reaching up the ice chute with her hand is "unforeseeable, misuse of the product." Again, this statement is contradicted by Mr. Boughton's testimony and by merely continuing to repeat same does not

make it true or uncontested. Mr. Boughton, also designated as defendants' expert, specifically conceded that sticking one's hand up the ice chute is foreseeable and even recommended:

> Q: "So in Whirlpool's design process did it ever consider that an ice jam or ice damn would occur and **an individual would try to free that jam by sticking their hand up the ice chute?**"
> A: "Well, **that is certainly one way that you could do it**".
> Q: "Right. And in the safety audits which you were involved in was it ever considered that someone would actually do it, would actually put their hand up the ice chute to try to free an ice jam?"
> A: "I would not consider that to be a safety hazard"
> Q: "Could you elaborate on that; why you do not believe that to be a safety hazard?"
> A: "Well, **when I clear an ice jam like that in my refrigerator, I reach up and I dislodge the ice cubes and they fall out.**"
> (Boughton Depo. P. 41:6:23)

And further:

> Q: "How would you expect a user to free an ice jam or an ice damn?"
> A: "**I would expect people to do what I do.**"
> (Boughton Depo. P. 53:18-24)

4. This statement is not material because the tests performed by Whirlpool were inadequate. Whirlpool failed to test the refrigerator ice chute with a "child like" hand probe. (Boughton Depo. P. 47:2-7) Even if adequate tests were performed, this would not excuse defendants under a theory of strict liability. Further, Whirlpool suggests that Underwriters Laboratory specified the tests to be performed, when it did not.

5. See response to paragraph number 4.

Plaintiffs,
By their attorneys,

Andrew J. Tine (BBO#633639)
Haese, LLC
30 Federal Street
Boston, MA 02110
(617) 428-0266 – Telephone
(617) 428-0276 – Fax
atine@haese.com