UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASMINE D. BUNTON, BY HER LEGAL ) <br> GUARDIAN, LOURENCO P. ) <br> DOSSANTOS, and LOURENCO P. ) <br> DOSSANTOS, ) <br> ) <br> PLAINTIFFS, ) <br> ) <br> v. ) <br> ) <br> SEARS ROEBUCK AND CO., and ) <br> WHIRLPOOL CORPORATION, ) <br> DEFENDANTS. ) <br> _____) | CIVIL ACTION NO.: 04-CV-12369-NG |

### AMENDED COMPLAINT AND JURY DEMAND

Now comes Jasmine D. Bunton, by her legal guardian, Lourenco P. Dossantos, and Lourenco P. Dossantos, to commence this products liability action against Sears Roebuck and Co. and Whirlpool Corporation for injuries suffered from the use of a Kenmore refrigerator.

### PARTIES

1. Plaintiff, Jasmine D. Bunton, a minor, is a citizen residing at 78 Sumner Street, Unit #3, Dorchester, Suffolk County, Massachusetts.

2. Plaintiff, Lourenco P. Dossantos, is the natural father and legal guardian of Jasmine D. Bunton, and is a citizen residing at 78 Sumner Street, Unit #3, Dorchester, Suffolk County, Massachusetts.

3. Defendant, Sears Roebuck and Co., is a foreign corporation duly authorized to conduct business in the Commonwealth of Massachusetts, with its principal offices located at 3333 Beverly, Road, Hoffman Estates, Illinois 60179.

4. Defendant, Whirlpool Corporation, is a foreign corporation duly authorized to conduct business in the Commonwealth of Massachusetts, with its principal offices located at 200 North —63 Administrative Center, Benton Harbor, MI 49022.

### FACTS

5. On or about June 29, 2003, Maria Dossantos purchased a new Kenmore refrigerator from a Sears Roebuck and Co. store located in Braintree, Massachusetts.

6. Sears Roebuck and Co. designed and manufactured the Kenmore refrigerator sold to Maria Dossantos.

7. Whirlpool Corporation designed and manufactured the Kenmore refrigerator sold to Maria Dossantos.

8. Sears Roebuck and Co. delivered the Kenmore refrigerator and installed same at the residence of Jasmine D. Bunton, Lourenco P. Dossantos and Maria Dossantos, located at 78 Sumner Street, Unit #3, Dorchester, Massachusetts.

9. On or about April 16, 2004, Jasmine D. Bunton, was seriously injured while attempting to free ice lodged in the dispensing unit of the refrigerator door (the "Incident").

10. During the Incident, Jasmine D. Bunton's hand became stuck on mechanical workings.

11. Jasmine D. Bunton could not free herself from the mechanical workings of the ice dispenser and had to wait several hours for emergency personnel to assist in freeing her.

12. Jasmine D. Bunton was rushed to the emergency room for medical treatment for the injury resulting from the Incident.

13. Jasmine D. Bunton has had lengthy surgery in an attempt to correct nerve damage in her hand.

14. Lourenco P. Dossantos arrived at the scene of Jasmine D. Bunton's injury and witnessed her pain and suffering.

## COUNT I - NEGLIGENCE
(Jasmine D. Bunton)

15. Plaintiffs hereby incorporate by reference and restate herein paragraphs 1 through 14 *supra*.

16. Sears Roebuck and Co. and Whirlpool Corporation had a duty to exercise reasonable care in the design, in providing adequate warnings, and to test and inspect the subject refrigerator so as to prevent injury to foreseeable users.

17. Sears Roebuck and Co. and Whirlpool Corporation breached its duty to the Plaintiffs by failing to design the refrigerator so that a users hand could not become stuck and injured during an attempt to dislodge ice from the dispenser.

18. Sears Roebuck and Co. and Whirlpool Corporation breached its duty to the Plaintiffs by failing to provide adequate warnings that injury could occur by putting one's hand into the ice dispenser.

19. Sears Roebuck and Co. and Whirlpool Corporation breached its duty to the Plaintiffs by failing to design the refrigerator so that a user could not put their hand into the ice dispenser.

20. Sears Roebuck and Co. and Whirlpool Corporation breached its duty to the Plaintiffs by failing to test and inspect the refrigerator so as to prevent injury to foreseeable users.

21. Plaintiff, Jasmine D. Bunton has suffered injury as a result of Sears Roebuck and Co.'s and/or Whirlpool Corporation's negligence.

   WHEREFORE, Jasmine D. Bunton requests damages, in an amount to be proven at trial, from Defendants Whirlpool Corporation and Sears Roebuck and Co.

### COUNT II - BREACH OF WARRANTY
(Jasmine D. Bunton)

22. Plaintiffs hereby incorporate by reference and restate herein paragraphs 1 through 21 *supra*.

23. At the time of Jasmine D. Bunton's injury, she was a foreseeable user of the refrigerator manufactured by Whirlpool Corporation and sold by Sears Roebuck Co.

24. The refrigerator permitted a user to put their hand into the ice dispenser and to become stuck and injured by the mechanical workings of the refrigerator, making the refrigerator unreasonably dangerous and not reasonably suitable for the ordinary, intended use.

25. As a result of the unreasonably dangerous, defective condition of the refrigerator, Jasmine D. Bunton was severely injured.

   WHEREFORE, Jasmine D. Bunton requests damages, in an amount to be proven at trial, from Defendants Whirlpool Corporation and Sears Roebuck and Co.

### COUNT III - EMOTIONAL DISTRESS
(Jasmine D. Bunton)

26. Plaintiffs hereby incorporate by reference and restate herein paragraphs 1 through 25 *supra*.

27. Jasmine D. Bunton has suffered emotional pain and suffering resulting from the physical injury and traumatic experience described herein.

   WHEREFORE, Jasmine D. Bunton requests damages, in an amount to be proven at trial, from Defendants Whirlpool Corporation and Sears Roebuck and Co.

## COUNT IV - EMOTIONAL DISTRESS
(Lourenco P. Dossantos)

28. Plaintiffs hereby incorporate by reference and restate herein paragraphs 1 through 27 *supra*.

29. As a result of witnessing his daughter's pain and suffering, Lourenco P. Dossantos has suffered emotional pain and suffering.

WHEREFORE, Jasmine D. Bunton requests damages, in an amount to be proven at trial, from Defendants Whirlpool Corporation and Sears Roebuck and Co.


PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.


THE PLAINTIFFS
Jasmine D. Bunton, by her legal guardian, and
Lourenco D. Bunton,
By their attorneys,

_____
Andrew J. Tine (BBO#633639)
Haese, LLC
70 Franklin Street, 9th Floor
Boston, MA 02110
617-428-0266

## CERTIFICATE OF SERVICE

I, Andrew J. Tine, hereby certify that I served a copy of the Amended Complaint and Jury Demand this 31st day of March, 2005 upon Campbell, Campbell, Edwards and Conroy, One Constitution Plaza, Third Floor, Boston, MA 02129, via mail, postage prepaid.

_____