UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASMINE D. BUNTON, BY HER LEGAL GUARDIAN, LOURENCO P. DOSSANTOS, and LOURENCO P. DOSSANTOS,<br><br>PLAINTIFFS,<br><br>v.<br><br>SEARS ROEBUCK AND CO., and WHIRLPOOL CORPORATION,<br><br>DEFENDANTS. | CIVIL ACTION NO.: 04-CV-12369-NG |

**PLAINTIFFS' OPPOSITION TO MOTION TO COMPEL PLAINTIFF
TO UNDERGO EXAMINATION BY DR. CHARLES CASSIDY**

By motion dated and filed March 13, 2006, the defendants, Sears Roebuck and Co. and Whirlpool Corporation, sought an order compelling the minor plaintiff, Jasmine D. Bunton, to undergo an additional examination with Dr. Charles Cassidy of the New England Medical Center. As the discovery period in this matter, which was twice extended by agreement of counsel, has now been closed for several months, plaintiffs oppose the defendants' Motion to Compel this examination.

**I.      Factual Background**

This action was instituted by Plaintiff after her left hand was severely injured in an ice dispenser unit designed and manufactured by defendant Whirlpool and sold and marketed by defendant Sears Roebuck. The family of the plaintiff purchased a refrigerator, brand "Kenmore", on or about June 29, 2003 in a Sears Roebuck store in Massachusetts. This model is equipped with an integrated ice maker in the door of the freezer compartment. In order to retrieve ice, a lever has to be pushed which sets the cutting tools concealed in the door in motion and ice (either

1

crushed or in cube form) falls through an approximate 8" long chute. The refrigerator was installed by Sears Roebuck representatives at plaintiffs' home.

On or about April 16, 2004, then 8-year-old plaintiff Jasmine Bunton tried to dispense ice from the ice maker; as no ice would fall out, she reached up into the chute with her left hand in an attempt to free up an ice jam. With her hand placed in the ice dispenser chute, her forearm pressed against the lever, activating the internal mechanism; the hidden ice crusher blades started to rotate and severely lacerated her hand. With her other hand, she was able to push the "lock" button on the display panel, preventing further injury and the likely loss of her fingers. Alerted by her agonized screams, family members called a rescue team that was finally able to free Jasmine. In order to do so, the rescue team had to use a cutting tool to dissemble the ice maker. The process took over two hours during which Jasmine remained trapped in agony, with blades locked into her hand.

After emergency treatment, Jasmine had to undergo additional, complicated surgery including nerve grafting from her leg. This surgery was performed by Dr. Cassidy. It is uncontested that, as a result of this accident, Jasmine will be physically impaired for the rest of her life.

## II.   Procedural Background

This case was commenced in Suffolk Superior Court for the Commonwealth of Massachusetts in October, 2004. The defendant Sears removed it to the United States District Court for the District of Massachusetts on November 8, 2004. A scheduling order was entered by Magistrate Judge Joyce London Alexander on February 8, 2005 which provided, *inter alia*, that (a) all non-expert discovery was to be completed by June 1, 2005 and that (b) designated experts, after disclosure, were to be deposed on or before July 1, 2005 (for plaintiffs' experts) and on or before September 1, 2005 (for defendant's experts).

By joint motion filed May 23, 2005, all appearing counsel sought an extension of the above deadlines for thirty (30) days. The Court granted the extension request by order dated June 6, 2005. This moved the applicable deadlines set forth above to July 1, 2005, July 31, 2005, and October 1, 2005, respectively.

By "assented to" motion dated and filed July 1, 2005, the expert disclosure and deposition dates were again extended. Plaintiffs' experts were to have been deposed on or before August 30, 2005, and defendants' experts were to have been deposed by October 15, 2005.

Thereafter, the parties agreed to pursue a mediation of the controversy through the services of a third-party provider. This mediation occurred on November 30, 2005. In anticipation of the mediation, the parties agreed to delay certain depositions to avoid unnecessary expense in the event the mediation were to produce a resolution of the matter. However, the parties expressly discussed <u>and</u> <u>did</u> <u>not</u> <u>agree</u> on the issue of a further medical examination by and follow-up deposition of Dr. Cassidy.

Thus, under the current schedule, as twice amended, all non-expert discovery in this matter closed nearly nine (9) months ago, and expert discovery, subject to the specific matters discussed and deferred until after the November 30, 2005 mediation, closed over five (5) months ago.

Both the plaintiffs and the defendants have motions for summary judgment awaiting decision. Plaintiffs filed their motion as to liability only on November 4, 2005, and defendants filed their motion on November 14, 2005.

### III.    Law and Argument

Courts cannot effectively administer justice unless they are accorded the right to establish orderly processes and manage their own affairs. <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43 (1991); <u>Young v. Gordon</u>, 330 F. 3d 76, 81 (1st Cir. 2003). It is axiomatic that "a litigant who

ignores a case-management deadline does so at his peril." Rosario-Diaz v. Gonzalez, 140 F. 3d 312, 315 (1st Cir. 1998). A principal purpose of requiring adherence to deadlines is "to deter others from similar misconduct." Nat'l Hockey League v. Metro. Hockey Club 427 U.S. 639, 643 (1976); Barreto v. Citibank, N.A., 907 F. 2d 15, 16 (1st Cir. 1990). "When a party flouts a time-specific order, that purpose is frustrated unless the court sends a strong signal." Young, supra., at 83.

The adoption of Fed. R. Civ. P. 37 (c)(1) in 1993 " 'gave teeth to a significantly broadened duty' to comply with case management orders." Primus v. U.S., 389 F. 3d 231, 234 (1st Cir. 2004); Wilson v. Bradlees of New England, Inc., 250 F. 3d 10, 19 (1st Cir. 2001). "The powers of a district court to enforce its case management orders…will not lightly be disturbed." Wilson, supra. at 20.

Reopening the discovery deadlines at this stage of the proceedings will be especially disruptive given the fact that both sides have dispositive motions pending with the court. *See*, Primus, supra. at 236 (In refusing to overturn the Massachusetts District Court's exclusion of the proffered testimony of a tardily-disclosed expert, the First Circuit noted, "[W]e cannot fault the court for considering the time and expense involved in the government's having prepared a dispositive motion….[W]hat occurred here was not simply a matter of 'inconvenience' or timing; real resources were expended on legal work that was premised on the expert evidence submitted before the deadline."), citing Laplace-Bayard v. Batlle, 295 F. 3d 157, 162 (1st Cir. 2002); Thibeault v. Square D Co., 960 F. 2d 239, 246-7 (1st Cir. 1992).

The parties have twice extended the applicable discovery deadlines and informally agreed to allow certain discovery (but not the specific discovery sought in the defendants' present motion) after the November 30, 2005 mediation effort had run its course. "When a litigant seeks an extension of time and proposes a compliance date, the court is entitled to expect that the

4

litigant will meet [his] self-imposed deadline." Mendez v. Banco Popular de P.R., 900 F. 2d 4, 6 (1st Cir. 1990); Tower Ventures, Inc. v. City of Westfield, 296 F. 3d 43, 47 (Ist Cir. 2003); Young, supra., at 82.

The time for discovery and further medical examinations in this matter is over. At this point, two years after the accident in question, the plaintiffs have lived long enough with the pain, disability, and expense visited upon them as a result of the defendants' wrongdoing without getting their day in court. It is time to move on to a trial of this action.

### IV. Conclusion

For the foregoing reasons, the defendants' Motion to Compel should be denied.

Dated: March 22, 2006

                                                Plaintiffs,
                                                By their attorneys,

                                                /s/ Glenn H. Haese
                                                Glenn H. Haese (BBO#662939)
                                                Haese, LLC
                                                30 Federal Street
                                                Boston, MA 02110
                                                (617) 428 0266 (Telephone)
                                                (617) 428 0276 (Telefax)
                                                ghaese@haese.com

## CERTIFICATE OF SERVICE

I, Glenn H. Haese, certify that on the 22nd day of March, 2006, a true copy of the foregoing *Opposition to Motion to Compel* was filed electronically and sent by first-class mail, postage prepaid, to:

Richard L. Edwards, Esq.
Steven M. Key, Esq.
Campbell Campbell Edwards & Conroy, PC
One Constitution Plaza
Boston, MA  02129

Robert W. Foster, Jr. Esq.
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Fl.
Columbia, SC  29201

J. Anthony Penry, Esq.
Taylor, Penry, Rash & Rieman
510 Glenwood Avenue, Suite 319
Raleigh, NC  27603

