UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASMINE D. BUNTON, BY HER LEGAL GUARDIAN, LOURENCO P. DOSSANTOS, and LOURENCO P. DOSSANTOS,<br>    Plaintiffs,<br><br>v.<br><br>SEARS ROEBUCK AND CO., and WHIRLPOOL CORPORATION,<br>    Defendants. | )<br>)<br>)<br>)<br>)    No.: 04-CV-12369-NG<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS SEARS ROEBUCK & CO.
AND WHIRLPOOL CORPORATION'S REPLY
TO PLAINTIFFS' OPPOSITION TO MOTION TO COMPEL**

Probably the most crucial, remaining issue in this case is the degree of injury and disability to Plaintiff Jasmine Bunton's left hand. The Defendants have been attempting to understand the true nature of Miss Bunton's injury with its motion for medical examination by her treating surgeon, and his deposition, and Plaintiffs' Opposition Memorandum indicates their desire to keep her recovery, or lack thereof, as much a mystery as possible. Certainly a jury would be enlightened greatly if they were allowed to have the benefit of the treating surgeon's recent evaluation of his patient. Before Dr. Cassidy, the treating physician, can give his assessment of Bunton's recovery, he will need to examine his patient. For some unexplained reason, Plaintiffs do not want to explore this critical issue in this dispute.

Plaintiffs' Opposition Memorandum fails to indicate any substantive opposition to this critical medical examination, but simply hides behind this Court's Scheduling Order. The requested examination by Dr. Cassidy would not delay a trial of this matter in any way, and likely will enhance the changes of this matter being resolved. A neutral expert, such as Bunton's treating surgeon, would certainly be the most credible witness to inform the parties, and the jury

if need be, the extent of Bunton's injury, recovery and disability. Hiding this information from the Defendants, and the jury, would serve the opposite purpose of seeking the truth as to the Plaintiff's disability.

Prior to the close of discovery in this case, the attorneys for all parties understood Defendants wanted to take the deposition of Dr. Cassidy. The only reason for delaying his deposition was Defendants have been requesting Dr. Cassidy re-examine Bunton prior to his deposition. As early as August 1, 2005, Defendants put this request in writing, but had orally requested this examination prior thereto. (See Ex. A; correspondence from Attorney Foster to Attorney Tine.) There was never any doubt in the attorneys' minds that Dr. Cassidy, the primary treating physician, needed to be deposed. Plaintiffs' counsel repeatedly refused to respond to Defendants' request for an examination by Dr. Cassidy, but there was never any question about the need for this deposition, until Plaintiffs raised an objection in its Opposition Memorandum.

In January 2006, Defendants advised Plaintiffs' counsel that Dr. Cassidy's deposition would be scheduled for the middle of February, 2006. Plaintiff's counsel did not object to Dr. Cassidy's deposition at that time but rather agreed with the deposition date and time. (See Ex. B, January 23, 2006, e-mail from Attorney Tine). However, Attorney Andy Penry, counsel who replaced Attorney Tine after Attorney Tine changed firms, advised that he would be handling "all further oral discovery" and that he was unavailable to attend the deposition at that time because his wife was expecting a child. (See Ex. C; February 12, 2006, e-mail from Attorney Penry). He never expressed an objection to conducting this deposition but rather led counsel to believe that the deposition would be rescheduled and that the issue of the examination would be addressed upon being contacted. However, despite repeated requests by the Defendants to address an examination by Dr. Cassidy, those requests went ignored until the plaintiff sent the

March 7, 2006 e-mail indicating that they would not agree to submit Miss. Bunton to an examination by Dr. Cassidy. (See Ex. D, March 7, 2006 e-mail from Penry). The Defendants were forced to file their Motion compelling medical examination.

To the extent the parties greatly disagree on the extent of Bunton's injuries and disability, this Motion is simply designed to get to the truth. The Defendants have agreed to pay all expenses associated with this medical examination. This examination by Dr. Cassidy, and his deposition should also prove very valuable for a jury trying to decide this case. Furthermore, Plaintiffs should not benefit by stonewalling Defendants and refusing to provide a response after months of requests for this examination, and then argue discovery has expired. This examination will in no way delay the trial of this case, and likely will provide extremely valuable information to all the litigants.

    Respectfully submitted
**SEARS, ROEBUCK AND CO., and**
**WHIRLPOOL CORPORATION**
By their Attorneys,
CAMPBELL CAMPBELL EDWARDS &
CONROY, PROFESSIONAL CORPORATION

/s/ Steven M. Key_____
Richard L. Edwards (BBO# 151520)
Steven M. Key (BBO# 638145)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000
redwards@campbell-trial-lawyers.com
skey@campbell-trial-lawyers.com
AND
Robert W. Foster, Jr., Esq. (Admitted Pro Hac Vice)
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Fl.
Columbia, South Carolina 29201
(803) 799-2000

4

**CERTIFICATE OF SERVICE**

    I, Steven M. Key, certify that on March 27, 2006, a true copy of ***Defendants Sears Roebuck & Co. and Whirlpool Corporation's Reply to Plaintiffs' Opposition to Motion to Compel*** was sent by first-class mail, postage prepaid to Glen Haese, Haese LLC, 70 Franklin St., 9th Floor, Boston, MA  02110.

                                              /s/ Steven M. Key
                                              Steven M. Key