UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12369-NG

JASMINE D. BUNTON,
by her Legal Guardian,
Lourenco P. Dossantos, and
LOURENCO P. DOSSANTOS,

Plaintiffs

v.

SEARS ROEBUCK AND CO. and
WHIRLPOOL CORPORATION,

Defendants

ORDER ON

DEFENDANTS' MOTION TO COMPEL
PLAINTIFF TO UNDERGO EXAMINATION
BY DR. CHARLES CASSIDY

(Docket # 43)

ALEXANDER, M.J.

On March 13, 2006, the defendants, Sears Roebuck and Co. ("Sears") and Whirlpool Corporation (collectively, "the defendants") filed a motion to compel a medical examination of the minor plaintiff Jasmine Bunton by Dr. Charles Cassidy. Dr. Cassidy performed surgery on Ms. Bunton's hand in May 2004, after she injured it in an ice dispenser on a refrigerator manufactured by Whirlpool and

sold to the plaintiffs by Sears. Dr. Cassidy has not examined Ms. Bunton since the surgery, almost two years ago, and the defendants have therefore asked Ms. Bunton to undergo a follow-up examination with him. Ms. Bunton has refused.

Pursuant to Fed. R. Civ. P. 35(a), this Court may, "on motion and for good cause shown," order Ms. Bunton to undergo a physical examination. As the defendants aver, a follow-up examination is likely to benefit not only the parties, by providing an updated assessment of Ms. Bunton's condition, but would, for the same reason, likely be useful to a jury as well.

Ms. Bunton opposes the motion solely on the basis that the discovery deadline has expired. She makes no response whatsoever to the substance of the defendants' motion. The defendants' papers filed in support of their motion reveal that from at least August 1, 2005, Ms. Bunton has been aware of the defendants' interest in having Dr. Cassidy examine her. Initially, she appears to have been amenable to such an examination and the deposition of Dr. Cassidy and, indeed, that parties went so far as to schedule Dr. Cassidy's deposition for February 17, 2006.[1] Then, however, counsel for Ms. Bunton who appears to have the main contact person for the defendants left the law firm representing Ms. Bunton. New

---

[1] The late date appears to be due to the fact that the parties tried to settle their dispute through mediation and postponed certain depositions pending the mediation, which ultimately proved unsuccessful.

counsel has stepped in and notified the defendants that no one at the firm other than the now-departed attorney was aware of the examination and deposition scheduled for February 17, 2006. Furthermore, Ms. Bunton's counsel also stated, via an email dated March 7, 2006, that only if Ms. Bunton's counsel thought she needed a further examination by Dr. Cassidy would one be scheduled.

As iterated above, Ms. Bunton makes no assertions whatsoever in her opposition to the motion that she should not be subject to an examination by Dr. Cassidy because no such exam is necessary. She states only that the discovery deadline has passed. It is clear, however, that the defendants initially requested that she be examined by Dr. Cassidy months ago. They are not asking Ms. Bunton to undergo an examination by a new doctor; nor are they asking her to cover the expense of the examination. They are simply requesting that she undergo a further examination by the doctor who performed surgery on her hand two years ago, and, as the defendants have noted, such an examination is likely to prove helpful for everyone involved. The defendants' motion to compel Ms. Bunton to undergo an

examination with Dr. Cassidy, at the defendants' expense, is therefore

ALLOWED.

SO ORDERED.

4/5/06
Date



United States Magistrate Judge