UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12369-NG

JASMINE D. BUNTON,
by her Legal Guardian,
Lourenco P. Dossantos, and
LOURENCO P. DOSSANTOS,

Plaintiffs

v.

SEARS ROEBUCK AND CO. and
WHIRLPOOL CORPORATION,

Defendants

**REPORT AND RECOMMENDATION ON**

**PLAINTIFF JASMINE BUNTON'S MOTION
FOR PARTIAL SUMMARY JUDGMENT
(Docket # 26)**

and

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
BASED ON LACK OF CAUSATION EVIDENCE
(Docket # 35)**

ALEXANDER, M.J.

On October 5, 2004, the minor plaintiff, Jasmine Bunton, filed a complaint against defendants Sears Roebuck and Co. ("Sears") and Whirlpool Corporation ("Whirlpool") (collectively, "the defendants") alleging claims of negligence,

breach of warranty and emotional distress.[1] Ms. Bunton now moves for partial summary judgment, on the issue of liability. The defendants, in turn, have filed their own motion for summary judgment, on the basis that Ms. Bunton lacks causation evidence. Both motions have been referred to this Court by the District Court for a Report and Recommendation. After a January 12, 2006, hearing, careful consideration of the parties' oral and written asseverations, and for the reasons set forth more fully below, this Court now recommends that the District Court DENY Ms. Bunton's motion for partial summary judgment. Additionally, the defendants acknowledged at the hearing that they are no longer pursuing their summary judgment motion. The defendants' motion turned on their assertion that the testimony of Ms. Bunton's expert, Marc Richman, was inadmissible, and the defendants therefore filed, along with their motion for summary judgment, a motion to exclude that testimony. The District Court, however, denied the motion to exclude, on January 6, 2006, rendering the defendants' motion for summary judgment baseless.

---

[1] The complaint was originally filed against Sears in Massachusetts state court and was then removed to federal court by the defendants, on the basis of diversity jurisdiction. Ms. Bunton was later allowed to amend her complaint to add Whirlpool as a defendant.

## BACKGROUND

In June 2003, Ms. Bunton's family purchased a Kenmore brand refrigerator from Sears. The refrigerator, which is manufactured by Whirlpool for Sears, is equipped with an in-door ice dispensing unit. The front panel of the dispenser has buttons that allow the user to dispense ice cubes or crushed ice, activate or deactivate a light, and lock or unlock the ice dispenser. The refrigerator met all Whirlpool safety standards and passed all of the Underwriter Laboratory's testing procedures.

The family did not install a water connection to the refrigerator, which is necessary for the automatic ice-maker and water dispenser to work. Instead, they manually emptied ice trays into the ice dispensing unit. In April 2004, Ms. Bunton, who was eight years old at the time, was injured when she stuck her hand up inside the ice dispenser chute to try to dislodge ice that was stuck in the chute. While Ms. Bunton's hand was up inside the chute, her arm pressed against the lever that activates the ice-crushing blades. Ms. Bunton was able to stop the blades by pressing the lock button, but her hand and arm were stuck in the machine and the blades cut her fingers. The distance from the opening of the chute to the mechanical workings is approximately eight inches.

The Boston Fire Department was forced to disassemble the ice dispensing unit to prevent further injury to Ms. Bunton's fingers. Ms. Bunton was taken to the emergency room where sutures were applied to the lacerations. She has since had two surgeries – on May 7, 2004 and October 18, 2004. Additionally, she states that there is the potential for future surgery and that she may never fully recover normal sensation and functionality in her injured hand.

## ANALYSIS

### The Summary Judgment Standard

The parameters in which this Court considers a motion for summary judgment are well-defined and familiar. Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party. A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." Sanchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996) (internal citations and quotations omitted). The party moving for summary judgment bears responsibility for showing those portions of the discovery record that demonstrate an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

After the moving party has fulfilled this obligation, the burden shifts to the non-moving party to demonstrate that a trier of fact reasonably could find in its favor. DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997) (citing Celotex, 477 U.S. at 322-25); Ismert & Assoc., Inc. v. New England Mut. Life Ins. Co., 801 F.2d 536, 537 (1st Cir. 1986) (describing the non-moving party's burden as one of demonstrating that there is a need for further exploration of the facts). A party opposing a motion for summary judgment may not rest on mere allegations or denials, but rather, must show that specific facts illustrate a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

In reviewing a motion for summary judgment and the materials offered to support the motion, the role of the Court is not to engage in an analysis of whose evidence is more compelling or credible. Cetronics Fin. Corp. v. El Conquistador Hotel Corp., 573 F.2d 779, 782 (2d Cir. 1978); Peckarsky v. Am. Broad. Co., Inc., 603 F. Supp. 688, 692 (D.D.C. 1984). "[A]t the summary judgment stage, the judge's function is not himself to weigh the evidence." Anderson, 477 U.S. at 249. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." Id. at 255. See also Davis v. Dawson, Inc., 15 F. Supp. 2d 64, 71-72 (D. Mass. 1998); Barretto-Rivera v.

Medina-Vargas, 168 F.3d 42, 47 (1st Cir. 1999) ("speculation adverse to the nonmoving party is inappropriate on a motion for summary judgment"); Rogers v. Fair, 902 F.2d 140, 143 (1st Cir. 1990) (in reviewing motions for summary judgment, "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor"). With these parameters in mind, the Court turns to the parties assertions.

**Breach of Warranty**

Under Massachusetts law,

> [l]iability for breach of warranty is premised on the principle that [t]he seller warrants that the product is fit for the ordinary purposes for which such goods are used. Thus a breach of warranty can occur if either (1) the product is defectively designed, or (2) foreseeable users are not adequately warned of the dangers associated with its use.

Kearney v. Philip Morris, Inc., 916 F. Supp. 61, 64 (D. Mass. 1996) (citations and internal quotations omitted). See also, e.g., Wasylow v. Glock, Inc., 975 F. Supp. 370, 377 (D. Mass. 1996). Additionally, "although not recognized by name, the Massachusetts products liability claim for breach of the warranty of merchantability 'is basically the same as strict liability in tort' under Massachusetts law. Wasylow, 975 F. Supp. at 377 (citing Hayes v. Douglas Dynamics, 8 F. 3d 88, 89 n. 1 (1st Cir. 1993)). See also, e.g., Back v. Wickes, 375

Mass. 633, 639, 378 N.E. 2d 964, 968 (1978) (warranty liability remedy intended to be fully as comprehensive as strict liability theory of recovery).

**Defective Design**

A manufacturer will not be liable for a design defect if a product's design avoids reasonably foreseeable risks associated with the product's use. See, e.g., Kearney, 916 F. Supp. at 64. "For design defect claims, Massachusetts law requires that a plaintiff show that the manufacturer has violated its duty to design products 'so that they are reasonably fit for the purposes for which they are intended.'" Id. (quoting Smith v. Ariens Co., 375 Mass. 620, 377 N.E.2d 954, 957 (1978)). A product is reasonably fit for its intended purposes if "the design avoids "the reasonably foreseeable risks attending the product's use . . . ." Back, 375 Mass. at 641, 378 N.E. 2d at 969.

The plaintiffs assert that Ms. Bunton was a foreseeable user of the Whirlpool refrigerator that her family purchased from Sears. The defendants do not disagree. What the parties do disagree about, however, is whether Ms. Bunton's actions leading up to her injury – sticking her hand up into the ice-dispenser chute to dislodge ice – was a "foreseeable use" of the product. Both parties rely on the testimony of the defendants' expert, Stephen G. Boughton, in

support their respective positions. Tellingly, for purposes of summary judgment, the parties provide differing interpretations of his testimony.

Mr. Boughton testified that if he was trying to dislodge ice from a jammed ice-dispenser of the type found on the plaintiffs' refrigerator, he would "reach up ... and ... dislodge the cubes ...." Deposition of Stephen G. Boughton (Boughton Depo.) 41:21-23. He also stated that he would expect other users to act similarly to dislodge jammed ice cubes, stating "If I can reach where the ice was jammed from underneath, I would make an attempt to dislodge the cubes." Id. 53:24 - 54:2. The plaintiffs aver that this testimony demonstrates that Ms. Bunton's actions constitute a foreseeable use of the refrigerator, and the ice dispenser in particular and, further, that Ms. Bunton's resulting injury indicates that the ice dispenser was not "fit" for this purpose.

As the defendants point out, however, Mr. Boughton also testified that he did not believe that Ms. Bunton's injury was foreseeable – that it was not foreseeable that a user would stick their hand up into the ice dispenser chute as far as Ms. Bunton did. 41:6-24. Additionally, at the January 12, 2006, hearing, the defendants averred that Mr. Boughton was not testifying that he would put his entire hand up the ice-dispenser chute, but only that he would try to dislodge ice was that was jammed at the very bottom.

Although a manufacturer "must anticipate the environment in which its product will be used, and . . . must design against the reasonably foreseeable risks attending the product's use in that setting," the implied warranty of fitness of a product does not include unforeseeable misuses of a product. Back, 375 Mass. at 640, 378 N.E.2d at 969. A plaintiff asserting a breach of warranty on the basis of a defective design must therefore show that "at the time of his injury, he was using the product in a manner that the defendant seller, manufacturer, or distributor reasonably could have foreseen." Allen v. Chance Mfg. Co., 398 Mass. 32, 34, 494 N.E.2d 1324, 1326 (1986).

The plaintiffs have not, at this stage of the proceedings, shown conclusively that Ms. Bunton was using the ice dispenser in a reasonably foreseeable manner. Furthermore, cases applying Massachusetts law suggest that the issue of whether a risk is reasonably foreseeable is a question that ought to be answered, in most instances, by a jury. See Simmons v. Monarch Mach. Tool Co. Inc., 413 Mass. 205, 211, 596 N.E.2d 318, 322 (1992) (whether risk reasonably foreseeable is almost always a question for the jury).

**Failure to Warn**

Similarly, the other potential basis for finding liability on a breach of warranty claim – a failure to warn – is equally an issue that should usually be

9

addressed by a jury. Laaperi v. Sears, Roebuck & Co, Inc., 787 F.2d 726, 731 (1st Cir. 1986) (noting that numerous Massachusetts cases state that a court should be "extremely reluctant to take from the jury issues regarding the adequacy of warnings").

Liability for failure to warn may be imposed even if a product is not negligently designed. Id. at 729. Additionally, "a manufacturer of a product which the manufacturer 'knows or should know is dangerous' is under a duty to give warning of such dangers to person who foreseeably will come in contact with that product." Wasylow, 975 F. Supp. at 378 (citing MacDonald v. Ortho Pharm. Corp., 394 Mass. 131, 135, 475 N.E.2d 65 (1985)). A manufacturer is not, however, required to warn about a product's obvious dangers, and a product's "obviousness" generally presents a question of fact, not of law. Laaperi, 787 F. 2d at 730-31. The record before this Court evidences material facts still in dispute as to both whether the potential risks associated with the ice dispenser were "obvious" such that a warning should have been given and whether Ms. Bunton's actions leading to her injury constitute a foreseeable use of the product. These are facts that must be determined by a jury and this Court must therefore RECOMMEND that the District Court DENY the plaintiffs' motion for summary judgment.

## Conclusion

For these reasons, the Court RECOMMENDS that the District Court DENY both Ms. Bunton's motion for partial summary judgment and that the defendants' motion for summary judgment.

SO ORDERED.

4/25/06
Date

United States Magistrate Judge

### NOTICE TO THE PARTIES

The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrate Judges in the United States District Court the District Court of Massachusetts, any party who objects to this proposed Report and Recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of the Report and Recommendation. The written objections must specifically identify the proportions of the proposed findings, recommendations or report to which objection is made and the basis for such objection. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 273 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 687 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986).