# Nelson
# Mullins

**Nelson Mullins Riley & Scarborough LLP**
Attorneys and Counselors at Law
1320 Main Street / 17th Floor / Columbia, South Carolina 29201
Tel: 803.799.2000 Fax: 803.256.7500
www.nelsonmullins.com

Robert W. Foster, Jr.
(Admitted in SC & GA)
803.255.9414
robbie.foster@nelsonmullins.com

March 28, 2006

<u>Via Facsimile 617-428-0276</u>

Glenn H. Haese, Esquire
Haese, LLC
70 Franklin Street, 9th Floor
Boston, MA 02110

RE: Jasmine D. Bunton, by Her Legal Guardian, Lourenco P. Dossantos, and Lourenco P. Dossantos v. Sears Roebuck and Co.
Civil Action No. 04-4374-H
Whirlpool No. 04-NA-ADC-29072
Sears No. 2004-005740
Our File No. 02289/01753

Dear Mr. Haese:

We have reviewed your March 6, 2006, correspondence requesting supplemental information, and we respectfully disagree with your contention that additional information should be provided, or that there are any inconsistencies in the testimony.

First, as to Mr. Boughton's expert report, the "safety audit and hazard analysis" referenced in his report would have been conducted prior to the manufacture of the subject refrigerator in accordance with normal Whirlpool procedures. At the time of manufacture of the subject refrigerator in 2003, Whirlpool engineers were unaware of any incident similar to the Bunton incident. Therefore, there is nothing to supplement regarding the safety audit and hazard analysis for the subject refrigerator. Therefore, the response provided was, and still is correct and complete and there is nothing to supplement regarding the safety audit and hazard analysis for the subject refrigerator.

Second, Mr. Boughton's deposition testimony is completely consistent throughout his two depositions. As you correctly noted in your correspondence, Mr. Boughton testified that the Bunton incident was the "first one I have heard of." Such testimony was, and remains, completely accurate.

Glenn H. Haese, Esquire
March 28, 2006
Page 2

    During Mr. Boughton's second deposition, he very clearly stated he was made aware of someone else sticking their hand up an ice chute "sometime after I was notified of this case and now." The Bunton incident was the first time the Whirlpool engineer had heard of such an incident involving someone deliberately sticking their arm up the chute of an ice dispenser.

    Neither Stephen Boughton nor Whirlpool has ever stated anything to the contrary. The Bunton incident was not reasonably foreseeable because this incident was Mr. Boughton's first knowledge that someone would ever try to stick their arm into the ice chute. Consequently, we do not believe that the testimony as given was incorrect and hence there is no requirement that it be changed or supplemented.

                          Very truly yours,

                            Robert W. Foster, Jr.

RWFJR:coc

cc:    Steven M. Key, Esq.