UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASMINE D. BUNTON, BY HER LEGAL GUARDIAN, LOURENCO P. DOSSANTOS, and LOURENCO P. DOSSANTOS,<br><br>PLAINTIFFS,<br><br>v.<br><br>SEARS ROEBUCK AND CO. et al.,<br><br>DEFENDANTS. | CIVIL ACTION NO.: 04-CV-12369-NG |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO COMPLY WITH A PRIOR COURT ORDER REQUESTING SUPPLEMENTING AND CORRECTING OF PRIOR DISCLOSURES AND DISCOVERY RESPONSES AND FOR SANCTIONS

### I. INTRODUCTION

Plaintiffs Jasmine D. Bunton, by her legal guardian, and Lourenco P. Dossantos file this Motion to Compel Defendants to supplement their prior discovery responses.

### II. BACKGROUND

**1.  Facts**

This action was instituted by the minor plaintiff, Jasmine Bunton ("Jasmine") and her guardian after her left hand was severely injured in a refrigerator ice dispenser designed and manufactured by defendant Whirlpool and sold and marketed by defendant Sears Roebuck. Jasmine's family bought a Kenmore refrigerator on June 29, 2003 in a Sears store in Massachusetts. The refrigerator has an ice maker in the freezer door. When ice is dispensed, a lever is pushed that activates the cutting tools concealed in the door, and ice (either crushed or in cubes) is dispensed through an approximate 8" long chute. The refrigerator was installed by Sears representatives at Jasmine's house. Although a water line was never hooked up to the ice

maker, the ice dispenser was functional.

On or about April 16, 2004, then 8 year old Jasmine tried to dispense ice from the ice maker; when no ice fell out, she reached up into the chute with her left hand in an attempt to free up an ice jam. With her hand placed in the ice dispenser chute, her forearm pressed against the lever, activating the internal mechanism; the hidden ice crusher blades started to rotate and severely lacerated her hand. With her other hand, she was able to push the "lock" button on the display panel, preventing further injury and the likely loss of her fingers. Alerted by her agonized screams, family members called a rescue team that was finally able to free Jasmine. In order to do so, the rescue team used a cutting tool. The process took over two hours during which Jasmine remained trapped with blades locked into her hand.

After emergency treatment, Jasmine had to undergo additional, complicated surgery including nerve grafting from her leg. It is uncontested that, as a result of this accident, Jasmine will be physically impaired for the rest of her life.

## 2. **Plaintiffs' Frustrated Discovery Attempts**

A crucial element in the plaintiff's is the extent to which the defendants were aware of the hazardous nature of the ice maker and specifically, whether and when defendants were aware of accidents similar to the one in which Jasmine was injured. Plaintiffs have repeatedly requested information about prior accidents, only to be informed in responses to discovery requests and in expert reports and deposition testimony, that to the best of defendants' knowledge no similar accident ever happened, and that Jasmine's accident was the only one of its kind. It was not until defendants' corporate designee and expert was deposed **a second time** on January 12, 2006, that

2

he, over objections from defendants' counsel, [1] finally admitted the truth: accidents like the one that injured Jasmine have happened on other occasions, and defendants knew it.

The plaintiffs have already petitioned this court for the supplemental discovery response, but defendants' counsel has failed to comply with the court's prior discovery order.

2.  **Plaintiffs' Counsel Have Made Good Faith Efforts to Resolve the Dispute**

In response to the court order to supplement discovery responses, the defendants produced documents that were received by the plaintiff on June 12, 2006. (see: cover letter addressed to plaintiff's counsel, attached as **Exhibit A**).

After a thorough review of the documents received it was determined that they were incomplete and failed to comply with the court order. The documents received by the plaintiff were redacted, specifically the full name and address of the injured child, his parents, and possibly their counsel. This violation of the court order impedes the ability of the plaintiff to adequately investigate the other incidents involving the ice makers. Such an investigation is important to the plaintiff's case to show cause for the assessment of punitive damages. In response to the supplemental production sent by defendants' attorney, plaintiff's attorney requested a discovery conference as required by Superior Court Rule 9(c) in the hopes of resolving the situation. (see: letter to defendants' attorney dated June 20, 2006 stating that the supplemental response was unsatisfactory and unredacted versions of the documents were required, attached as **Exhibit B**).

Defendants' counsel responded to plaintiff's counsel's request for a discovery conference on June 26, 2006. (see: letter to plaintiff's attorney requesting that a time be scheduled for the

---

[1] Defendants' counsel's attempts to prevent Defendants' expert from having to answer a legitimate question fills four pages of the transcript of Mr. Boughton's January 12 deposition.

3

discovery conference dated June 16, 2006, attached as **Exhibit C**). On July 7, 2006, the discovery conference was held. Defendants' attorney's reasons for redacting the information was so that there was no interference with Defendants' ongoing efforts to settle with the injured child and his/her parents. It is then agreed by the parties that the Defendants would be given until July 20, 2006 to produce the unredacted materials. Failure to meet that deadline would result in the plaintiff immediately filing a motion to compel. (see: letter to defendants' attorney dated July 7, 2006 memorializing the discovery conference as well as the request that the other claimant will not sign a confidentiality agreement that would impede plaintiff's investigation attached as **Exhibit D**).

### III. ARGUMENT

Rule 26(e) imposes an ongoing duty to seasonably amend responses to discovery requests. (Rule 26(e)(2)FRCP). Additionally, disclosures under Rule 26(a) must be appropriately supplemented. The burden to supplement is on the party responding to discovery. (O'Connor's Federal Rules Civil Trials, Chapter 6A, § 11.1). With respect to experts, this duty extends to information contained in the expert's written report and to information provided through a deposition (Rule 26(e)(1) FRCP). This affirmative duty does not end when discovery closes (Klonoski v. Mahlab, 156 F.3d 82, 84-85 (1st Cir. 1998); indeed, Rule 26(e) is "designed, at least in part, to deal with the problem of later-discovered evidence and requires that a party be under a continuing duty to request for production, whenever 'the party learns that the [previous] response is in some material way incomplete or incorrect'" (Marianjoy Rehabilitation Hospital v. Williams Electronic Games, Inc., 1996 WL 411395 (N.D.Ill.1996) at p. 3). Knowing concealment is not required (Reed v. Iowa Mar.& Repair Corp., 16 F.3d 82, 84-85 (5th Cir.1994).

4

Defendants have continual refused to satisfy their duty to supplement under the statutes and under a previous discovery order of this court. Such information concealed by the defendants' attorney may well be relevant to the issues of foreseeability raised by defendants.

Additionally, plaintiff requests that the court order sanctions against defendants for the reasonable expenses, including attorney's fees, incurred in bringing a second motion to compel on a discovery issue that had already been brought before this court under M.R.C.P. 37(a)(4). Defendants' attorney's failure to comply with the court's earlier discovery order on this issue, along with their long history in this case of interfering with the plaintiff's investigation warrants sanctions in this case.

## IV. CONCLUSION

Plaintiffs request that this court order defendants to (a) follow the court's prior discovery order; (b) to produce unredacted versions of the responsive documents already in the plaintiff's possession; and (c) that sanctions be ordered against defendants for reasonable expenses and attorney's fees for bringing the motion to compel before the court.

Plaintiffs,
By their attorneys,

_____
Glenn H. Haese, BBO# 662939
Haese, LLC
30 Federal Street
Boston, MA 02110
(617) 428-0266 – Telephone
(617) 428-0276 – Fax
ghaese@haese.com
DATED this 24 of July, 2006

5

## CERTIFICATE OF SERVICE

I, Glenn H. Haese, certify that on the ____ day of July, 2006, a true copy of the foregoing was filed electronically and sent by first-class mail, postage prepaid, to:

Richard L. Edwards, Esq.
Steven M. Key, Esq.
Campbell Campbell Edwards & Conroy, PC
One Constitution Plaza
Boston, MA  02129

Robert W. Foster, Jr. Esq.
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Fl.
Columbia, SC  29201

J. Anthony Penry, Esq.
Taylor, Penry, Rash & Rieman
510 Glenwood Avenue, Suite 319
Raleigh, NC  27603