IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Jasmine D. Bunton, by her legal guardian, Lourenco P. Dossantos, and Lourenco P. Dossantos,<br><br>                    Plaintiffs,<br><br>vs.<br><br>Sears Roebuck & Co. and Whirlpool Corporation,<br><br>                    Defendants. | Civil Action No. 04-11633RGS<br><br><u>MOTION IN LIMINE AND MEMORANDUM OF LAW TO EXCLUDE WARNINGS CLAIM</u> |

Defendants Sears Roebuck & Co. ("Sears") and Whirlpool Corporation ("Whirlpool") (hereinafter "Defendants") respectfully move the Court for an Order *in Limine* prohibiting Plaintiffs, their witnesses, and their attorneys from presenting evidence and from discussing or referring to a claim for lack of warning on the subject refrigerator or to the contents of warnings placed in manuals of other refrigerator manufacturers at any point in the trial, included but not limited to during *voir dire*, opening or closing statement, or at anytime while in the presence of the jury. This motion is based upon the fact that Defendants had no duty to warn of an unforeseeable occurrence, and any evidence of other warnings is irrelevant to this suit.

<u>FACTUAL BACKGROUND</u>

This case arises out of an accident that occurred on April 16, 2004, when then 8-year-old Jasmine Bunton reached up into the ice chute on her family's refrigerator in an

attempt to get crushed ice. The Plaintiff family chose not to hook up the water hose to the ice maker, so the refrigerator was incapable of producing ice. Instead, members of the Plaintiff family would place ice cubes (made in trays) into the ice container located inside the refrigerator door and use the in-door unit to dispense ice. Mr. Dossantos, the father of Jasmine Bunton, testified that he was unaware that anyone in the family used the ice dispenser to get crushed ice or that Jasmine knew how to operate the ice dispenser. (Dossantos Dep. 38:11-19, 42:9-18.)

On the day of the accident, when the ice dispenser would not dispense crushed ice, Jasmine stuck her hand in the ice chute to see if any ice was in the chute (Bunton Dep. 28: 6-16.) The distance from the opening of the ice chute to the ice crusher mechanism is approximately eight inches. (Boughton Dep. 51:15-22.) While Jasmine's hand was inserted up in the ice chute, the lower portion of her arm pressed against the lever, which activated the ice crushing blades and cut her hand (Bunton Dep. 31:7-17). Once she felt the blades begin to cut, Jasmine immediately hit the "lock" button on the ice dispenser. (Bunton Dep. 42:17-24.) Once she was extricated from the ice dispenser, Jasmine was taken to the emergency room at the local hospital and sutures were applied to the cuts. She was later sent to a hand specialist who performed additional surgery to repair damage to the digital nerve in her left middle and index fingers by grafting a segment of nerve from her left ankle into her fingers.

## ARGUMENT

I.    DEFENDANTS HAD NO DUTY TO WARN PLAINTIFFS OF AN UNFORESEEBLE USE OF THE PRODUCT.

In order to prevail of a failure to warn claim, Plaintiffs must show that Defendants had a duty to warn and that Defendants breached that duty. A manufacturer has a duty to warn of the probable results of normal use or of other uses that can be reasonably anticipated. In Massachusetts, a "manufacturer, supplier or seller of a product has a duty to warn customers or expected users of the product of latent defects or dangers in its normal and intended use." Rose v. The Sports Authority, 14 Mass. L. Rep. 721, 2002 Mass. Super. LEXIS 241, *8 (July 10, 2002). A "warning is not required unless 'the person on whom [the] duty rests has some reason to suppose a warning is needed.'" Id., quoting Killeen v. Harmon Grain Products, Inc., 11 Mass. App. Ct. 20, 23-24, 413 N.E.2d 767 (1980). Jasmine Bunton's injury was the first time that the Whirlpool engineering department became aware of an injury resulting from a child's arm inserted into the ice dispensing chute. Defendants had no reason to believe a warning was needed for such an occurrence. See Carney v. Bereault, 204 N.E.2d 448, 451 (Mass. 1965) (finding no duty to warn where there was failure to establish that defendant had reason to believe a warning was necessary).

A refrigerator with an ice dispenser is not a dangerous product. This incident involved the misuse of the product. The refrigerator's ice maker was not connected, and the family made ice in trays which they then placed in the ice dispenser container. Such use of the ice dispenser system could cause ice jams because the ice cubes from the trays were not designed for this ice dispenser system. Defendants did not reasonably anticipate that users would, or could, stick their arm almost ten inches into the ice chute of the ice dispenser unit and then activate the ice crusher. There is no evidence that when Jasmine Bunton was injured Defendants knew or should have known about such improper usage. Rose v. The Sports Authority at *11. "[A] manufacturer is not required to warn that placing one's hand into the

3

blades of a potato chopper will cause injury, that permitting a three-year-old child to ride on the running board of a moving tractor risks injury to the child, or that firing a BB gun at another at close range can injure or kill." Laaperi v. Sears, Roebuck & Co., 787 F.2d 726, 731 (1st Cir. 1986). Because it was not reasonably foreseeable that 1) Jasmine Bunton would use the ice dispenser unit when the automatic icemaker was not even connected to the house water line or, 2) Jasmine Bunton would be able to reach the ice crusher mechanism with her fingers, Defendants are not liable for failure to warn and Plaintiffs' claim should be excluded.

II. PLAINTIFFS CANNOT SHOW THAT THE LACK OF A WARNING LABEL WAS A PROXIMATE CAUSE OF JASMINE BUNTON'S INJURY.

Plaintiffs cannot, as a matter of law, show any causal relation between the lack of a warning label and Jasmine's injuries. Accordingly, Plaintiffs cannot be allowed to now allege at trial that had a warning been present, she would not have been injured. Jasmine was eight years old at the time of injury. Plaintiffs have presented no evidence to show that a warning would have prevented her from attempting to get ice by reaching into the ice dispenser. Plaintiffs' expert, Marc Richman, opines that there should be a warning sticker on the refrigerator regarding the importance of the locking procedure. (Richman Dep. 91:3-6.) However, Mr. Richman is not a warnings expert.

> Q. You're not a warnings expert, are you?
>
> A. I don't know what a warnings expert is other than to tell people how to write warnings so that they inform the public or the expected consumer.
>
> Q. You don't specialize in warnings. Correct?
>
> A. I don't say I'm a human factors person. I don't tend to specialize in warnings. I have advised companies on how to put warnings on and what to put on, but that's not the bulk of my work.

(Richman 73:6-16.)

4

Mr. Richman also admitted that he had no experience designing warnings or instructions for a refrigerator or ice dispenser system.

> Q. Do you have any experience with warnings or instructions for refrigerators?
> A. No.
>
> Q. Do you have any experience with—
>
> A. You mean designing them?
>
> Q. Designing warnings.
>
> A. That's what I'm saying. No.
>
> Q. Do you have any experience with designing warnings or instructions with any type of ice dispenser system?
>
> A. No.
>
> Q. This case is the first time you have ever evaluated an ice dispensing system?
>
> A. Yes.

(Richman 79:21-24, 80:1-20.)

Consequently, Mr. Richman's testimony and opinions regarding warnings are not reliable, are not based on sufficient facts or data, and should be deemed inadmissible under Federal Rule of Evidence 702.

Plaintiffs may attempt to introduce evidence of warnings contained in the product manuals of other manufacturers. The manuals from other manufacturers are not dated, so there is no way to determine if these manuals were subsequent to this accident. Additionally, there is no information about the accident history of these other manufacturers to determine whether they may have had notice of a prior accident, putting them on notice of a

5

hazard. These warnings are irrelevant as Plaintiffs cannot prove that if a similar warning was contained in the subject product literature Jasmine would have been made aware of it. Her father testified that he was unaware that the ice dispenser was being used or that Jasmine knew how to operate it. (Dossantos Dep. 38:11-19; 42:9-18.) There is no evidence that had Defendants included a warning about inserting body parts into the ice dispenser, it would have contributed to preventing Jasmine's injury. <u>Rose v. The Sports Authority</u> at *10. Accordingly, the lack of a warning had no causative impact on Jasmine Bunton's injuries.

## CONCLUSION

Because Defendants did not have a duty to warn of an unforeseeable danger, Plaintiffs cannot claim that Defendants breached their duty to provide a warning. Plaintiffs also cannot prove that the lack of a warning proximately caused Jasmine Bunton's injuries. Therefore, Defendants request the Court preclude Plaintiffs from introducing any evidence regarding a failure to warn claim.

Respectfully submitted,

**SEARS, ROEBUCK AND CO., and WHIRLPOOL CORPORATION**
By their Attorneys,
CAMPBELL CAMPBELL EDWARDS &
CONROY, PROFESSIONAL CORPORATION


_/s/ Richard L. Edwards_
Richard L. Edwards (BBO# 151520)
Christopher B. Parkerson (BBO# 662952)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000
redwards@campbell-trial-lawyers.com
cparkerson@campbell-trial-lawyers.com

AND

Robert W. Foster, Jr., Esq. (Admitted Pro Hac Vice)
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Fl.
Columbia, South Carolina 29201
(803) 799-2000

7