UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASMINE D. BUNTON, BY HER LEGAL GUARDIAN, LOURENCO P. DOSSANTOS, and LOURENCO P. DOSSANTOS, <br><br> Plaintiffs, <br><br> v. <br><br> SEARS ROEBUCK & CO. and WHIRLPOOL CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) No.: 04-CV-12369-NG |

## SEARS, ROEBUCK & CO. AND WHIRLPOOL CORPORATION'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 51, Defendants, Sears Roebuck & Co. and Whirlpool Corp., submit the following proposed instructions for the jury.

### INDEX

**General Instructions**

1.   **Treat parties as equals.**   You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the complaint of Plaintiff, Jasmine D. Bunton and the answer and defenses of Defendants, Sears Roebuck & Co. and Whirlpool Corp.   You are to perform this duty without bias or prejudice as to any party.   Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences. Muniz v. Rovira, 373 F.3d 1, 7 (1st Cir. 2004).

2. **Burden of Proof.**  The burden is on the Plaintiff to prove every essential element of her claim by a fair preponderance of the evidence.  The burden is not on Defendants to disprove Plaintiff's claims.  If Plaintiff has failed to establish any essential element of any of her claims by a fair preponderance of the evidence, your verdict must be in favor of the Defendants, Sears, Roebuck & Co. and Whirlpool Corp.  Watson v. Electrolux Professional Outdoor Products, Inc., No. CIV.A.04-11782 DPW, 2006 WL 2246416, at *4 (D.Mass. Aug 04, 2006); Swartz v. General Motors Corp., 375 Mass. 628 (1978); Coyne v. John S. Tilley Co., Inc., 368 Mass. 230 (1975).

The burden of proof is an affirmative obligation and cannot be left to surmise, conjecture or imagination. If on all of the evidence it is just as reasonable to suppose that the cause of his injury is one for which no liability would attach to Defendants as one for which Defendants are liable, then the Plaintiff has failed to make his case and you must enter a finding in favor of Defendants.  Alholm v. Town of Wareham, 371 Mass. 621, 626-27, 358 N.E.2d 788 (1976); Biowood v. Boston & N. St. Ry Co., 209 Mass. 345, 348, 95 N.E. 751 (1911).

3.    **Preponderance of the evidence.**  To establish a proposition or element of a claim "by a fair preponderance of the evidence", Plaintiff must prove that the proposition or element is more probably true than not. A "fair preponderance of the evidence" is that which, when considered and compared with that opposed to it, is more convincing and produces in your minds the actual belief that what is sought to be proved is more probably true than not true. If you find, after hearing all of the evidence that you are not satisfied as to what the truth is, than you must return a verdict in favor of Defendants.  DeJesus v. Yogel, 404 Mass. 44, 51 (1989); Stepakoff v. Kantar, 393 Mass. 836, 842-43 (1985); Sargent v. Massachusetts Accident Co., 307 Mass. 246, 250 (1940).

4.    **Fact of accident does not equal negligence.**    The mere fact that an accident occurred and that the Plaintiff may have been injured is not evidence that Defendants are responsible for the accident or injuries or that Defendants are liable to the Plaintiff.    These facts alone are not sufficient for you to conclude that the Plaintiff has met her burden of proof.    Thibodeau v. Ballardvale Trust Three, LLC, No. 023293, 2006 WL 832865, at *3 (Mass.Super. Mar 06, 2006) (citing Tamagno v. Conley, 322 Mass. 218, 219 (1948); Conley v. Town Taxi, Inc., 298 Mass. 130, 132 (1937)).

     **5.**    <u>**Negligence—Elements**</u>.  In order to recover under a theory of negligence against Defendants, the Plaintiff must prove by a preponderance of the evidence four essential elements:

1.      that the Defendants owed a duty to the Plaintiff;

2.      that the Defendants breached that duty;

3.      that the Plaintiff suffered injury or damage; and

4.      that the Defendants' breach of their duty was the legal and proximate cause of the Plaintiff's injury or damage.  <u>Scott v. Thompson</u>, 5 Mass. App. Ct. 372, 374 (1977); <u>Dusoe v. Union Carbide Corp.</u>, No. 981470C, 2005 WL 705960, *3, (Mass.Super. Jan 20, 2005).

6.    **Duty of Defendants.**    A manufacturer does not guarantee that injuries will not occur from the use of its product.  A product is not defective or unreasonably dangerous merely because it is possible to be injured while using it.  The law imposes no duty upon a manufacturer to produce a product that is "accident-proof."  Under the law, a manufacturer must comply with a standard of care which the ordinary, prudent manufacturer would have exercised in like circumstances.  A manufacturer must produce a product free from defective and unreasonably dangerous conditions.  Morrell v. Precise Engineering, Inc., 36 Mass. App. Ct. 935, 936 (1994); Wasylow v. Glock, Inc., 975 F. Supp. 370, 379 (D.Mass. 1996).

**Negligence**

7.      **Design Defect—Negligence.**  To prove a product design defect, the Plaintiff must prove that the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the manufacturer, and that the omission of the alternative design rendered the product not reasonably safe.[1]

The manufacturer's duty is to design a product that is reasonably safe.  It has no obligation to develop safety devices to protect against dangers that are only remotely possible or highly speculative.[2]  In evaluating whether the manufacturer designed this product with reasonable care, you must weigh several factors.  These factors include the gravity of the danger posed by the challenged design, the likelihood that such danger would occur, the mechanical feasibility of a safer alternative design, the financial cost of an improved design, the adverse consequences to the product and to the consumer that would result from an alternative design and whether the proposed modification would cause undue interference with the performance of the product.[3]

---

[1] See Everett v. Bucky Warren, Inc., 376 Mass. 280, 292 (1978).
[2] See doCanto v. Ametek, Inc., 367 Mass. 776, 783 (1975); Morrell v. Precise Eng'g, Inc., 36 Mass. App. Ct. 935, 936 (1994).
[3] Cigna Ins. Co. v. Oy Saunatec, Ltd., 241 F.3d 1, 15-16 (1st Cir. 2001); Back v. Wickes, 375 Mass. 633, 642 (1978); Fahey v. Rockwell Graphic Sys., Inc., 20 Mass. App. Ct. 642, 648 (1985), *review denied*, 396 Mass. 1103.

8.    **Duty to Warn—Negligence.**    The law imposes no duty upon a manufacturer to warn users of a possible risk that is not associated with a foreseeable use or misuse of the product.  Mitchell v. Sky Climber, Inc., 396 Mass. 629, 632 (1986).

9.    **Causation—Definition.**    If you find that the Plaintiff has proven, by a preponderance of the evidence, that Defendants owed Plaintiff a duty and that Defendants breached that duty, you must then consider whether Plaintiff has proven that Defendants' conduct caused the Plaintiff's injuries.  Even if you find that Plaintiff has proven that Defendants breached a duty, you must enter a verdict for Defendants if you find that Defendants breach of duty did not cause Plaintiff's injuries.[4]

To recover, Plaintiff must prove that Defendants' conduct constituted both the proximate and legal cause of her injuries.  A proximate cause is characterized by conduct which, in a continuous sequence, unbroken by any new cause, produces an event and without which the event would not have occurred.[5]  To prove that Defendants' conduct was the legal cause of Plaintiff's injuries, Plaintiff must prove that Defendants' conduct was a substantial factor in bringing her injuries about and without which the harm would not have occurred.  In other words, if the harm would have occurred anyway, Defendants are not liable.[6]

Furthermore, to establish causation, the Plaintiff must show that at the time of her injury she was using the product in a manner that the defendant seller, manufacturer, or distributor reasonably could have foreseen.[7]

---

[4] Restatement (Second) of Torts § 430 (1965).
[5] Wallace v. Ludwig, 292 Mass. 251 (1935).
[6] O'Connor v. Raymark Indus., Inc., 401 Mass. 586, 591 (1988).
[7] Allen v. Chance Mfg. Co., Inc., 398 Mass. 32, 34 (1986); Correia v. Firestone Tire & Rubber Co., 388 Mass. 342, 357, n.13 (1983).

10.    **<u>Comparative Negligence</u>.**    If you find that the Plaintiff's injury was caused both by the Defendants' negligence and the Plaintiff's negligence, then under the law of comparative negligence you must compare the Plaintiff's negligence to the Defendants' negligence.    If you find that the Plaintiff's negligence is greater than the negligence of attributable to the Defendants, then you must enter a verdict in favor of Defendants on Plaintiff's negligence claim.    Furthermore, the Plaintiff's negligence, if equal to or less than the total amount attributable to Defendants', serves to diminish her recovery by the proportion of negligence attributable to the Plaintiff.    M.G.L. c. 231, § 85; <u>Correia v. Firestone Tire & Rubber Co.</u>, 388 Mass. 342, 357, n.13 (1983).

11.    **State of the Art.**

The "state of the art" is the level of pertinent scientific and technical knowledge existing at the time of the design, manufacture or sale of a product.[8]  In negligence actions and with respect to failure to warn under a breach of warranty claim, you may consider evidence that the manufacturer has conformed to business customs, industry customs or state-of-the-art design concepts as evidence that Defendants complied with the applicable standard of care.  This evidence is not determinative on the question of whether or not the Defendants met the applicable standard of care.  You must still consider, in light of the facts and circumstances which you find, whether the Defendants acted reasonably in designing the product.[9]

---

[8] Wiska v. St. Stanislaus Social Club, Inc., 7 Mass.App.Ct. 813, 821, n.8 (1979).
[9] Back v. Wickes, 375 Mass. 633, 642 (1978); Corthell v. Great Atl. & Pac. Tea Co., 291 Mass. 242, 243-44 (1935).

**Breach of Warranty**

12.    **Design Defect.**    A design defect is a condition that makes the product unreasonably dangerous as a result of the product's design. To determine whether a design defect existed, you should consider whether the manufacturer's conscious design choices rendered the product unreasonably dangerous to its foreseeable users, and therefore unfit for its ordinary foreseeable users.

A manufacturer warrants that its products are fit for the ordinary purposes for which such goods are used.[10] Under the law, a product is reasonably fit for ordinary usage and the manufacturer does not breach implied warranty of merchantability, if the design of the product avoids reasonably foreseeable risks attending the product's use.[11] The ordinary purposes for which the product must be fit do not include uses of the product, which the manufacturer did not intend and could not reasonably foresee given the environment in which the product will be used.[12]

A design defect exists where the Plaintiff proves that a feasible, alternative design would have reduced or negated the foreseeable risks of harm posed by the product and that the omission of the alternative design rendered the product not reasonably safe.[13] In evaluating Plaintiff's evidence addressing a feasible alternative design, you must weigh several factors. These factors include the gravity of the danger posed by the challenged design, the likelihood that such danger would occur, the mechanical feasibility of a safer alternative design, the financial cost of an improved design, the adverse consequences to the product and to the consumer that would result from an alternative design and whether

---

[10] M.G.L. c. 106, § 2-314(2)(c).
[11] Wasylow v. Glock, Inc., 975 F. Supp. 370, 379 (D. Mass. 1996).
[12] Wasylow v. Glock, Inc., 975 F. Supp. 370, 379, n.12 (D. Mass. 1996).
[13] Gillespie v. Sears, Roebuck & Co., 386 F.3d 21, 27 (1st Cir. 2004); Back v. Wickes Corp., 375 Mass. 633, 642 (1978).

the proposed modification would cause undue interference with the performance of the product.[14]

---

[14] Cigna Ins. Co. v. Oy Saunatec, Ltd., 241 F.3d 1, 15-16 (1st Cir. 2001); Back v. Wickes, 375 Mass. 633, 642 (1978); Fahey v. Rockwell Graphic Sys., Inc., 20 Mass. App. Ct. 642, 648 (1985), *review denied*, 396 Mass. 1103.

**13.    Elements--Breach of Warranty.**    In order to prevail on the claim that the Defendants breached the implied warranty of merchantability, the Plaintiff bears the burden of proving four essential elements of the claim.  The Plaintiff must prove each element by a preponderance of the evidence.

First, the Plaintiff must prove that Defendants manufactured and sold the product in question.[15]  Second, the Plaintiff must prove that, at the time she sustained her injuries, she was a person whom the manufacturer might reasonably have expected to use, consume or be affected by the product in a manner that the Defendants intended or reasonably could have foreseen.[16]

Third, the Plaintiff must prove that a defective condition rendering the product unreasonably dangerous existed at the time the product left the hands of the Defendants, so that the product was not reasonably suitable for the ordinary uses for which goods of that kind and description were sold.[17]  When considering whether Plaintiff proved the product defective, you apply a test of reasonableness rather than one of perfection.[18]  A product that is fit for the ordinary purpose for which such goods are used complies with the implied warranty of merchantability and is not defective or dangerous.[19]

Fourth, the Plaintiff must prove that the defective condition which existed at the time of the sale of the product caused Plaintiff's injuries.[20]

---

[15] Smith v. Ariens Co., 375 Mass. 620, 623 (1978).
[16] Allen v. Chance Mfg. Co., 398 Mass. 32, 34 (1986); Back v. Wickes Corp., 375 Mass. 633, 640 (1978).
[17] Walsh v. Atamian Motors, Inc., 10 Mass. App. Ct. 828, 829 (1980); Makuc v. American Honda Motor Co., Inc., 835 F.2d 389, 393 (1st Cir. 1987).
[18] Morrell, 36 Mass. App. At 936; Wasylow, 975 F. Supp. at 379.
[19] M.G.L. c. 106 § 2-314;  Cigna Ins. Co. v. Oy Saunatec, Ltd., 241 F.3d 1, 15 (1st Cir. 2001); Lubanski v. Coleco Industries, Inc., 929 F.2d 42, 48 (1st Cir.1987).
[20] Fernandes v. Union Bookbinding Co., Inc., 400 Mass. 27, 37 (1987); see also Correia v. Firestone Fire & Rubber Co., 388 Mass. 342, 357 n.15 (1983); Back v. Wickes Corp., 375 Mass. 633, 640 (1978).

14.  **Duty to warn.**        Even when a manufacturer properly designs a product, the law may impose a duty to provide a warning or instructions regarding reasonably foreseeable risks associated with its use.[21] The law does not impose liability on Defendants under an implied warranty of merchantability for failure to warn or provide instructions about risks that were not reasonably foreseeable at the time of sale or could not have been discovered by way of reasonable testing prior to marketing the product.[22] The law imposes no post-sale duty to warn pursuant to a breach of warranty claim.[23] The adequacy of a warning is measured by the warning that would be given at the time of sale by an ordinarily prudent seller.[24]

A manufacturer does not have to warn of known or obvious precautions to be taken in the use of its product.  In addition, the law imposes no duty to give additional warnings of potential difficulties to someone who already knows of the hazards which may arise from the use of the product.[25]

In order prove a breach of warranty claim based upon a failure to provide adequate warnings, the Plaintiff must prove that a reasonable warning or instruction would have reduced or avoided the foreseeable risks of harm posed by the product.[26]

---

[21] Yates v. Norton Co., 403 Mass. 70, 74 (1988).
[22] Vassallo v. Baxter Healthcare Corp., 428 Mass. 1, 23 (1998); Chapman ex rel. Estate of Chapman v. Bernard's Inc., 167 F.Supp.2d 406, 416 (D.Mass. 2001).
[23] La Belle v. McCauley Industrial Corp., 649 F.2d 46, 49 (1st Cir.1981).
[24] Vassallo v. Baxter Healthcare Corp., 428 Mass. 1, 23 (1998).
[25] Vassallo v. Baxter Healthcare Corp., 428 Mass. 1, 22-23 (1998).
[26] See Cummings v. HPG Intern., Inc., 244 F.3d 16, 26 (1st Cir. 2001) (Plaintiff must prove that the defendant's failure to warn caused plaintiff's damages.); Lewis v. Ariens Co., 434 Mass. 643, 647, n.11 (2001).

15.  **Notice Breach of Warranty.**  Massachusetts law bars the Plaintiff's breach of warranty claim if the Plaintiff fails to give timely notice of the alleged breach of warranty and if the lack of timely notice is prejudicial to Defendants.  If you find that Plaintiff failed to provide timely notice of its breach of warranty claim to Defendants, then you must enter a verdict in favor of Defendants on Plaintiff's breach of warranty claim.[27]

When deciding this issue, Defendants need not show formal prejudice, but need only show that prejudice may have resulted when evidence which may reasonably have been developed by prompt investigation was lost.[28]

---

[27] Chapman ex rel. Estate of Chapman v. Bernard's Inc., 167 F.Supp.2d 406 (D.Mass. 2001); Sacramona v. Bridgestone/Firestone, Inc., 106 F.3d 444, 448-49 (1st Cir. 1997); G.L c. 106, §§2-318 and 2-607(3).
[28] Castro v. Stanley Works, 864 F.2d 961, 964 (1st Cir. 1989).

**16.** **Unreasonable Use Defense.** In answer to Plaintiff's claim that Defendants breached their warranty of merchantability with regard to their product, Defendants have presented an affirmative defense that the Plaintiff misused the product.[29] To prove this affirmative defense, Defendants must establish that Plaintiff knew of the product's defect and its danger, that she proceeded voluntarily and unreasonably to use the product and that, as a result, she was injured.[30] If you find that Defendants have proven each of these elements by a preponderance of the evidence, then you must enter a verdict in favor of Defendants on Plaintiff's breach of warranty claim.[31]

---

[29] Gillespie v. Sears, Roebuck & Co., 386 F.3d 21, 27 (1st Cir. 2004); Correia v. Firestone Tire & Rubber Co., 388 Mass. 342, 355 (1983); Allen v. Chance Mfg. Co., Inc., 398 Mass. 32, 34 (1986); Correia v. Firestone Tire & Rubber Co., 388 Mass. 342, 357, n.13 (1983).
[30] Gillespie v. Sears, Roebuck & Co., 386 F.3d 21, 27 (1st Cir. 2004).
[31] Gillespie v. Sears, Roebuck & Co., 386 F.3d 21, 27 (1st Cir. 2004); Cigna Ins. Co. v. Oy Saunatec, Ltd., 241 F.3d 1, 17 (1st Cir. 2001).

**Emotional Distress**

17. **Emotional distress.**    To prove emotional distress a plaintiff must prove by a preponderance of the evidence that the defendants was negligent, that the plaintiff actually suffered emotional distress, that defendant caused the emotional distress, that physical harm manifested by objective symptomatology caused by the emotional distress, and that a reasonable person would have suffered emotional distress under the circumstances of the case.  Payton v. Abbott Labs, 386 Mass. 540, 437 N.E.2d 171 (1982).

## Damages

18.    **Damages—General Instruction.**    You are instructed that just as Plaintiff and Defendants have presented evidence reflecting their respective theories of the case, likewise instructions which state to you the law relative to all phases of the case must be given to you, and the fact that the court has given you instructions relative to injuries and damages is not to be interpreted by you as meaning that the Court has an opinion relative to liability in this case.

Simply because I am instructing you on the issue of damages does not mean that the Plaintiff is entitled to recover in this case.    You should not even consider the Plaintiff's damages until you have first made a decision relative to liability. If, under the evidence and the law as given to you in these instructions, you find that Defendants are not liable, you will not give any consideration to the question of damages or the extent of the injuries.

19.     **Damages—Sympathy**.     You should not permit sympathy, bias or prejudice to influence your deliberations to any degree.   The fact that the Plaintiff's injuries may be severe should not be considered by you until you have first made a decision relative to liability.   If, under the evidence and the law as given to you in these instructions, you find that Defendants are not liable, you will not, under those circumstances, give any consideration to the question of damages or the extent of the injuries.

20.    **Damages—Burden of Proof.**    As with all the other elements, Plaintiff bears the burden of proving her damages by a fair preponderance of the evidence.  Plaintiff must prove her damages with reasonable certainty.[32]  Plaintiff may not recover damages when they are remote, speculative, hypothetical, and not within the realm of reasonable certainty.[33]  In calculating damages, you are instructed not to overcompensate Plaintiff.[34]

---

[32] Pierce v. Clark, 66 Mass.App.Ct. 912, 851 N.E.2d 450, 454 (2006); Agoos Leather Cos. v. American & Foreign Ins. Co., 342 Mass. 603, 608 (1961); Our Lady of the Sea Corp. v. Borges, 40 Mass.App.Ct. 484, 489 (1996).
[33] Pierce v. Clark, 66 Mass.App.Ct. 912, 851 N.E.2d 450, 454 (2006) (citing Kitner v. CTW Transport, Inc., 53 Mass.App.Ct. 741, 748, 762 N.E.2d 867 (2002) and Lowrie v. Castle, 225 Mass. 37, 51, 113 N.E. 206 (1916)).
[34] Pierce v. Clark, 66 Mass.App.Ct. 912, 851 N.E.2d 450, 454 (2006).

21.    **Damages—Loss of Earning Capacity.**    Plaintiff has the burden of proving her claimed loss of earning capacity.  To do so, she must offer evidence from which you may reasonably determine the annualized stream of income that the Plaintiff, uninjured, would probably have earned, and contrast it, over the period of proven disability, to a similar forecast of what the injured Plaintiff's earnings are likely to be.[35] In other words, to recover loss of earning capacity damages, Plaintiff must prove pre-injury and post-injury earning potential to a reasonable certainty.[36]

If Plaintiff fails to establish evidence of her annualized income that she would have earned but for her injury and evidence establishing to a reasonable certainty the amount of income she could have earned notwithstanding her injuries, then Plaintiff has failed to prove her claim for lost earning capacity.[37]

---

[35] Quinones-Pacheco v. American Airlines, Inc., 979 F.2d 1, 7 (1st Cir.1992) (holding that the plaintiff bears the burden of proving "the extent and likely duration of [the] plaintiff's claimed disability, what other work he can perform betimes, and what he can earn in such pursuits" and without such proof, a trial court properly can exclude evidence of losses stemming from the inability to do a particular job); Boudreau v. S/V Shere Khan C, 27 F.Supp.2d 72, 81 (D.Me. 1998).
[36] Stevens v. Bangor and Aroostook R. Co., 97 F.3d 594, 599 (1st Cir. 1996).
[37] Quinones-Pacheco, 979 F.2d at 7; Boudreau, 27 F.Supp.2d at 81.

22.    **Mitigation of Damages.**     You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages--that is, to take advantage of any reasonable opportunity she may have had under the circumstances to reduce or minimize the loss or damage.[38]

If you should find from a preponderance of the evidence that Plaintiff, within the limitations of any injury she may have sustained has failed to seek out or take advantage of a business or employment opportunity or educational or occupational retraining that was reasonably available to her under all the circumstances shown by the evidence, then you should reduce the amount of her damages by the amount she could have reasonably realized if she had taken advantage of such opportunity.[39]

The law imposes a duty on Plaintiff to minimize her damages by following the expert recommendations of her physicians. In other words, a person who has suffered injury is bound to use reasonable and proper effort to make the damages as small as practicable and to act in good faith to adopt real methods and follow real programs of

---

[38] Brian v. B. Sopkin & Sons, 314 Mass. 180, 183 (1943).
[39] Boudreau v. S/V Shere Khan C, 27 F.Supp.2d 72, 81 (D.Me. 1998).

medical care and rehabilitation treatment.[40]

Dated this 10th day of October, 2006.

SEARS, ROEBUCK AND CO., and
WHIRLPOOL CORPORATION
By their Attorneys,
CAMPBELL CAMPBELL EDWARDS &
CONROY, PROFESSIONAL CORPORATION


/s/ Richard L. Edwards
Richard L. Edwards (BBO# 151520)
Christopher B. Parkerson (BBO# 662952)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000
redwards@campbell-trial-lawyers.com
cparkerson@campbell-trial-lawyers.com

AND

Robert W. Foster, Jr., Esq. (Admitted Pro Hac Vice)
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Fl.
Columbia, South Carolina  29201
(803) 799-2000


## CERTIFICATE OF SERVICE

I, Richard L. Edwards, certify that on October 10, 2006, a true copy of this
pleading was sent by first-class mail, postage prepaid to Andrew J. Tine, Haese, LLC, 70
Franklin Street, 9th Floor, Boston, MA  02110.

/s/ Richard L. Edwards
Richard L. Edwards

---

[40] Powell v. City of Pittsfield, 221 F.Supp.2d 119, 151-52 (D.Mass. 2002).