UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASMINE D. BUNTON, BY HER LEGAL GUARDIAN, LOURENCO P. DOSSANTOS, and LOURENCO P. DOSSANTOS,<br><br>Plaintiffs,<br><br>v.<br><br>SEARS ROEBUCK & COMPANY, AND WHIRLPOOL CORPORATION<br><br>Defendant. | No.: 04-CV-12369-NG |

## JOINT PETITION FOR APPROVAL OF MINOR SETTLEMENT IN ACCORDANCE WITH M.G.L. c. 231, §140C ½

Now come the plaintiff, Jasmine D. Bunton and the Defendants Whirlpool Corporation and Sears Roebuck ("the Defendants") to the above-entitled action and move, pursuant to M.G.L. c. 231, §140C ½, for the approval of the minor's settlement of this matter. In support of this Petition, the Plaintiff and Defendants state the following:

1. The plaintiff, Jasmine D. Bunton, whose date of birth is July 8, 1995, is a minor individual who resides in Massachusetts with her father Lourenco Dossantos.

2. The Defendants are Whirlpool Corporation and Sears Roebuck.

3. The minor and her father have disputed claims for damages against the Defendants for personal injuries and emotional distress arising from an accident with a refrigerator manufactured by Whirlpool and sold under the Sears Roebuck label by Defendant Sears Roebuck.

4. The refrigerator was purchased by the Bunton/Dossantos family in Braintree, Massachusetts on June 29, 2003 in a local Sears Roebuck store and installed in the family home by Sears Roebuck personnel.

5. This type of refrigerator has an ice maker with an integrated "in door" ice maker and ice crusher. In order to retrieve ice (crushed or in cubes) one has to push the lever installed in the door of the unit, preferably with a glass or mug and ice will fall through the about 8" long chute into the glass/mug.

6. The water supply to the ice maker was not connected at any time following installation and the family occasionally would get crushed ice by opening the door, putting ice cubes into the chute, closing the door, and activating the ice crusher.

7. On April 16, 2000 the 8-year-old plaintiff Jasmine Bunton reached up the chute with her left hand. Her elbow forearm activated the internal mechanism and the ice dispenser blades started to operate and cut into her hand. Jasmine was able to push the "lock" button on the ice maker, preventing further injury to her hand. She was trapped in the machine for up to two (2) hours before a special extraction team of the Boston Fire Department was able to free her with a cutting tool.

8. Jasmine was taken to the emergency room where sutures were applied to the lacerations.

9. Following her initial treatment, Jasmine continued to experience a loss of sensation in her index and middle fingers. Several weeks after the accident, she was seen by a hand surgeon, Dr. Charles Cassidy of New England Medical Center who diagnosed digital nerve injuries to the radial digital nerve, index finger; ulnar digital nerve, middle finger; and lumbrical muscle laceration of the left index finger.

10. Dr. Cassidy performed two surgeries including nerve grafting from the outside of her lower left leg. The nerve grafting involved removing a 7 cm segment of the sural nerve from her lower left leg and used it to replace the damaged nerves in her left hand.

11. The donor site for the graft has left a small area on the outside of the lower left leg without sensation and with a scar of about two inches in length. The graft itself has been considered a success in that Jasmine now has tactile and discriminating sensation through the whole length of the index and middle fingers of her left hand. Dr. Cassidy believes that she will experience some permanent impairment of fine-level discrimination in the index and middle fingers of her left, non-dominant hand and that this may impede her ability to perform certain professions which would require ultrasensory abilities using her left hand.

12. Additional surgeries (to relieve some post-surgical constriction of the hand and cosmetic work on the scar tissue) on her left leg have been suggested by Dr. Cassidy.

13. Medical expenses to date have accrued in the amount of $45,850. Dr. Cassidy estimated at his deposition that the additional surgeries might cost as much as $20,000.00.

14. The Plaintiff alleges that Defendant Whirlpool is liable as a result of negligence and breach of implied warranty of merchantability. They claim that Sears Roebuck as vendor is equally liable under a negligence theory as the subject refrigerator was sold under a Sears Roebuck brand name. Also, they allege breach of warranty against Sears Roebuck and a violation of Chapter 93A of the General Laws by both defendants.

15. The Plaintiff also claims that the ice maker was sold with a design defect and that no warning pertinent to the danger realized was contained in either the manual or on the actual apparatus.

16. Also, the Plaintiff claims negligent infliction of emotional distress theory as Jasmine was trapped in the machine for almost two hours.

17. The Defendants deny any liability for the minor plaintiff's injury.

18. An initial out-of-court mediation between the parties failed. A second mediation on Tuesday, October 11, 2006 resulted in an agreement between the parties under the following terms:

    a. Defendant Whirlpool has agreed to pay the minor plaintiff the sum of $385,000.
    b. The Plaintiff is responsible for all potential liens.
    c. The parties make good faith efforts to agree on a release agreement that contains a confidentiality agreement as to Sears Roebuck and Whirlpool. The release agreement has now been agreed to and executed and is attached as **Exhibit A**.

19. A proposed trust has been set up, with Clifford J. Grandjean, Esq. as trustee. The proposed terms of the trust are attached as **Exhibit B**.

20. Further, the Plaintiff had UBS Financial Services in Boston suggest an investment portfolio that basically proposes to invest 60% of the proceeds be invested in equity offerings and 40% in bonds, hence achieving a balanced risk and growth structure. The proposal is attached as **Exhibit C** for review and approval of the Court.

21. According to the Contingency Fee Agreement between Haese, LLC and the Plaintiff, Haese, LLC is entitled to one-third of the first $300,000 of the recovery and up to 20% thereafter plus all costs and expenses awarded. The Agreement is attached as **Exhibit D**.

22. Costs and expenses in the amount of $26,781.04 have accrued. This is supported by the affidavit of Attorney Glenn H. Haese, attached as **Exhibit E**.

23. According to the agreement between Haese, LLC and Mr. J. Anthony Penry, the latter is entitled to receive 35% of the net proceeds realized by Haese, LLC from the recovery in the case.

24. As a result, Plaintiff will receive the sum of $241,282.56, to be held in trust until she reaches the age of 18 (eighteen); Haese, LLC will receive the sum of $76,050.00 plus its costs and expenses of $26,781.44 and Mr. Penry will be entitled to the sum of $40,950.00.

25. The parties believe that the settlement is in the best interest of the minor.

**WHEREFORE,** the parties hereby request that this Honorable Court approve the settlement on behalf of Jasmine D. Bunton and pursuant to G.L. c. 231, §140 C ½.

| **Plaintiffs** | **Defendants** |
|---|---|
| By their Attorneys, | By their Attorneys, |
| HAESE, LLC | CAMPBELL CAMPBELL EDWARDS & CONROY |
| /s/ Glenn H. Haese | /s/ |
| Glenn H. Haese (BBO# 662939) | Richard L. Edwards (BBO# 151520) |
| 85 Devonshire Street, 6th Floor | Christopher Parkerson (BBO# 662952) |
| Boston, MA 02109 | One Constitution Plaza, 3rd Floor |
| (617) 428-0266 | Boston, MA 02129 |
| | (617) 241-3000 |
| And | And |
| /s/ T. Anthony Penry | |
| T. Anthony Penry, Esq. (Admitted Pro Hac Vice) | Robert Foster, Jr., Esq. (Admitted Pro Hac Vice) |
| Penry, Rash & Riemann, PLLC | Nelson Mullins |
| 510 Glenwood Avenue, Suite 319 | 1320 Main Street, 17th Floor |
| Raleigh, NC 27603 | Columbia, SC 29201 |
| P: (919) 833-9449 | (803) 799-2000 |

**CERTIFICATE OF SERVICE**

I, Glenn H. Haese, hereby certify that on October 30th, 2006, a true copy of the foregoing document was hand delivered and/or mailed by first class mail, postage prepaid, to the following:

Richard L. Edwards, Esq.
Christopher Parkerson, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza
Boston, MA 02129

T. Anthony Penry, Esq.
Taylor, Penry, Rash & Riemann, PLLC
510 Glenwood Avenue, Suite 319
Raleigh, NC 27603

Robert Foster, Jr., Esq.
Nelson Mullins
1320 Main Street, 17th Floor
Columbia, SC 29201

Glenn H. Haese