10/23/2006 15:46 FAX  617 241 5115        CAMPBELL CAMPBELL EDWARD                    ☎002/011

ORIGINAL

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Jasmine D. Bunton, by her legal guardian, Lourenco P. Dossantos, and Lourenco P. Dossantos, <br><br> Plaintiffs, <br><br> vs. <br><br> Sears Roebuck & Co. and Whirlpool Corporation, <br><br> Defendants. | Civil Action No. 04-12369 <br><br><br><br> **RELEASE, SETTLEMENT, AND CONFIDENTIALITY AGREEMENT** |

1.0     **RELEASE OF ALL CLAIMS**

I, Lourenco P. Dossantos, personally and on behalf of Jasmine D. Bunton as her legal guardian, personally and on behalf of our successors, assigns, heirs, and agents (the "Releasing Parties"), for and in consideration of the sum of Three Hundred Eighty-Five Thousand Dollars ($385,000.00) and other good and valuable consideration, hereby completely release and forever discharge Sears, Roebuck & Co. and Whirlpool Corporation and their past, present, and future officers, directors, stockholders, attorneys, insurers, agents, servants, customers, representatives, employees, dealers, affiliates, subsidiaries, parent company, parents' subsidiaries, partners, predecessors in interest and successors in interest, and assigns, and any seller in the stream of commerce (the "Released Parties") from any and all claims, obligations, actions, causes of action, wrongful death claims, rights, damages, costs, losses of services, expenses, and demands of every kind and nature both in law and equity which Jasmine Bunton or I have or may

ever have had from the beginning of time that the Releasing Parties have, that are known or unknown, past, present, or future arising from but not limited to the incident described in Plaintiffs' complaint and all related pleadings (the "Incident") in the above styled and numbered action, or which are the subject of the litigation commenced by Plaintiffs' complaint and all related pleadings in the above styled and numbered action (the "Litigation").

By virtue of this Release, Settlement and Confidentiality Agreement, we hereby unequivocally release and discharge the Released Parties from any and all claims, including damages arising out of any and all personal injuries to Jasmine Bunton or me including, but not limited to, any pain and suffering, emotional distress, aggravation, stress or trauma, medical expenses, loss of earning capacity, loss of earning, loss of use, loss of consortium, costs and expenses. We hereby covenant and agree that we will not, by ourselves individually, together, or in concert with others, or by virtue of further judicial proceedings of any kind whatsoever, make or cause to be made, acquiesce in or assist in the bringing of any further actions against the Released Parties for damages arising out of the Incident.

The Releasing Parties hereby acknowledge that the payment of the aforementioned consideration is a final, full and complete satisfaction, settlement and discharge of any and all liability whatsoever of the Released Parties to the Releasing Parties by reason of any manner, cause or thing in any way connected with or arising out of the Incident or the Litigation, including claims of the Released Parties' strict liability, negligence, gross negligence, breach of express or implied warranties, misrepresentation, or willful conduct.

2.0    REPRESENTATIONS AND WARRANTIES

The Releasing Parties and Releasing Parties' attorneys hereby represent and warrant that all outstanding claims or liens against the Releasing Parties resulting from or in any way related to the injury or damages allegedly caused by the Incident, are the responsibility of the Releasing Parties, and that all claims or liens will be promptly satisfied by the Releasing Parties; that the Releasing Parties have the sole right and exclusive authority to execute this Release and Settlement Agreement and receive payment specified in it; and that the Releasing Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demands, obligations, or causes of action referred to in this Release, Settlement and Confidentiality Agreement except to their attorneys.

The Releasing Parties hereby represent and warrant that they understand and agree that the consideration recited herein is in full satisfaction for all damages which we claim or may ever claim against the Released Parties that allegedly were sustained by the Releasing Parties arising out of the Incident, and that the Releasing Parties will not receive further sums of money from the Released Parties relating to the Incident.

3.0    PAYMENT

In consideration of the release set forth above and for such other good consideration set forth below, Whirlpool Corporation agrees to pay, at the time of settlement, the sum of three hundred and eighty-five thousand dollars ($385,000.00) by check made payable as directed by the Releasing Parties and their attorneys. The Releasing Parties understand that payment of the funds as described in this section completely discharge the Released Parties' payment obligation under this agreement and

that the Releasing Parties shall be solely responsible for payment of their outstanding hospital bills, attorney's fees, costs, expert fees or other expenses due to their attorneys for their involvement in this lawsuit and settlement.

4.0   INDEMNITY

The Releasing Parties for themselves, their successors, administrators, and assigns, agree to and do hereby indemnify and hold harmless the Released Parties and their respective past, present, and future dealers, officers, directors, attorneys, insurers, agents, servants, suppliers, customers, representatives, employees, affiliates, subsidiaries, parent company, partners, predecessors in interest and successors in interest, and assigns and any seller in the stream of commerce against all claims arising out of or in any way related to the incident that may be brought against the Released Parties by us or anyone acting on our behalf as a result of payments made to either of us or on the behalf of either of us, including but not limited to, those payments for medical care made by any health insurer, and from any and all past and future claims, demands, actions, and causes of action, of whatsoever nature or character, including claims of the Released Parties' strict liability, negligence, gross negligence, breach of express or implied warranties, misrepresentation, or willful conduct, which have been or may hereafter be asserted by any person, firm or corporation claiming by, through, or under the Releasing Parties and arising out of, resulting from, or in any manner related to the Incident. We also hereby agree to indemnify the Released Parties, to defend and hold them harmless from and against all claims brought by either of us, or on our behalf, against other entities or persons for damages arising from the incident, which result in other entities or persons asserting a claim against the Released Parties for any claim pursuable under

Massachusetts and/or Federal law including, without limitation, claims for contribution and/or indemnity.

### 5.0  NO REPRESENTATIONS

The Releasing Parties understand and agree that the above stated consideration is the sole consideration for this Release, Settlement and Confidentiality Agreement; that the consideration stated herein is contractual and not a mere recital; that all agreements and understandings of all parties relating to settlement of the litigation are embodied and expressed in the Release, Settlement and Confidentiality Agreement; and the Releasing Parties has not relied upon representations of any kind that have been made to him with respect to this settlement by the Released Parties or their attorneys, and/or any other person, firm, association or corporation on behalf of the Released Parties, or their attorneys.

### 6.0  NOT AN ADMISSION OF LIABILITY/PUNITIVE DAMAGES

The Releasing Parties understand and agree that this settlement shall not be interpreted as an admission of liability on the part of the Released Parties or be *res judicata* in any other hearing or trial, but that liability for the accident and for all damages, including punitive damages, is expressly denied by the Released Parties. The settlement amount is being paid to avoid expenses of jury trial and to terminate all controversies as to the Releasing Parties named herein, regardless of the extent of the injuries, damages and expenses or the type of damages claimed.

No element of punitive damages or allegations relating thereto has been proven, or continues to be alleged by any party to this agreement. Parties hereby agree that punitive damages were not likely to be found in this case and in no respect are the

payments hereunder based upon a recovery for punitive damages.

7.0    NO REPRESENTATIONS OF TAX CONSEQUENCES

The Releasing Parties understand and agree that the Released Parties have not made and make no representation as to the tax consequences of this Release, Settlement and Confidentiality Agreement.

8.0    GOVERNING LAW

This Release, Settlement and Confidentiality Agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Massachusetts.

9.0    VALIDITY AND SUPPLEMENTAL DOCUMENTS

If any provision of this agreement or the application thereof to any of the parties hereto is held invalid, any such invalidity shall not affect other provisions or applications of this agreement.

Further, the Releasing Parties and the Released Parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this agreement.

10.0    REPRESENTATION OF COMPREHENSION OF DOCUMENT

I acknowledge and represent that I have relied upon the legal advice of the Releasing Parties' attorneys, who is the attorneys of my own choice, and that the terms of this agreement have been completely read and explained to me by the Releasing Parties' attorneys, and that I fully understood and voluntarily accepted the terms of this agreement on behalf of the Releasing Parties.

10/23/2006 15:48 FAX 617 241 5115        CAMPBELL CAMPBELL EDWARD                    ☒008/011

11.0   NO REPRESENTATIONS BY RELEASED PARTIES

No representations about the nature and extent of said damages, loss or injury made by any attorney or agent of any party hereby released, nor any representations regarding the nature and extent of the legal liability or financial responsibility of any of the parties hereby released have induced the Releasing Parties to make this settlement; that in determining said sum, the Releasing Parties have taken into consideration not only the ascertained damages and losses, but also the fact that consequences not now ascertained may result from said occurrence, casualty or event as hereinbefore referred to, and that this release applies to all claims, damages and injuries known and unknown, whether manifested or unmanifested, foreseeable or unforeseeable. I acknowledge and assume all risk, chance or hazard that the damages suffered by Jasmine Bunton or me may be different from, or may become progressive, greater or more expensive than, those damages which are now known, anticipated or expected.

12.0   CONFIDENTIALITY

The Releasing Parties, individually and on behalf of their respective heirs, executors and assigns, and their attorneys; Glenn Haese and Florian Bruno for themselves and other members and employees of the law firm of Haese, LLC and J. Anthony Penry for himself and other members and employees of the law firm of Taylor, Penry, Rash and Riemann, PLLC do hereby covenant and agree that, absent an order by a duly authorized court; they will not disclose or cause to be disclosed the released amount, the circumstances surrounding the settlement or any of the documents, reports or testimony exchanged during the course of the litigation, or any specific terms of this Release, Settlement and Confidentiality Agreement to any person, including, but not limited to

10/23/2006 15:48 FAX 617 241 5115          CAMPBELL CAMPBELL EDWARD                    ☒009/011

members of the media, or to any other individual or entity reasonably likely to publicize the fact or details of the settlement by way of broadcast, print, internet, or electronic media. Furthermore, the Releasing Parties, individually and on behalf of their heirs, executors and assigns, and their attorneys; Glenn Haese and Florian Bruno for themselves and other members and employees of the law firm of Haese, LLC and J. Anthony Penry for himself and other members and employees of the law firm of Taylor, Penry, Rash and Riemann, PLLC represent that they have not and shall not disclose or cause to be disclosed the settlement amount, the circumstances surrounding the settlement or any of the documents or testimony exchanged during the course of the litigation, or specific terms of this Release, Settlement and Confidentiality Agreement to any individual or entity not affiliated with Haese, LLC or Taylor, Penry, Rash and Riemann, PLLC, Lourenco P. Dossantos, Individually and as Parents and Next Friends of their minor children Jasmine Bunton, Plaintiffs. The Releasing Parties and their counsel are not required, however, to keep confidential any documents filed with the court, unless such documents were filed with the court on a confidential basis. The Releasing Parties expressly understand and agree that the confidentiality of both the terms and amount of this released amount is an important part of the consideration given by the Releasing Parties to the Released Parties.

13.0   **REPRESENTATIONS RE: COURT AUTHORITY TO COMPROMISE INFANT CLAIMS**

I, Lourenco P. Dossantos hereby declare that I am the legal guardian of the Releasing Party, Jasmine D. Bunton; that I am competent and of the age of majority; and that as a condition of this settlement and prior to receipt of the settlement funds described herewith I will obtain Court express authority to execute this Release, Settlement and

Confidentiality Agreement and all other documents needed to conclude the settlement agreement on behalf of the minor child, Jasmine D. Bunton. Copies of such documents and Court orders approving the settlement will be attached hereto and incorporated herein as Exhibit A.

14.0    ENTIRE AGREEMENT

This Release, Settlement and Confidentiality Agreement constitutes the entire agreement between the Releasing Parties and the Released Parties, and shall be binding upon, and inure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each.

I have read this Release, Settlement and Confidentiality Agreement carefully and fully understand the same.

This Agreement may be signed in duplicate originals.

. IN WITNESS WHEREOF, I, the undersigned, have heretofore set my hand and seal this 24 day of October, 2006.

_____
Lourenco P. Dossantos

ACKNOWLEDGMENT UNDER OATH

ANTHONY R. JOHNSON
Notary Public
Commonwealth of Massachusetts
My Commission Expires
May 7, 2010

COMMONWEALTH OF MASSACHUSETTS §
COUNTY OF Suffolk §

On this 24 day of October, 2006, before me, the undersigned notary public, personally appeared Lourenco P. Dossantos, proved to me through satisfactory evidence of identification, which were Driver License _____, to be the person whose name is signed on this document, and acknowledged to me that he signed it voluntarily for its stated purpose.

_____
Notary Public
My commission expires:

IN WITNESS WHEREOF, I, the undersigned, have heretofore set my hand and seal this 30 day of October, 2006.

Agreed as to terms relating to confidentiality contained in Paragraph 12.0 of the above Release, Settlement, and Confidentiality Agreement.

_____
Glenn H. Haese

_____
Florian Bruno

_____
J. Anthony Penry