

EXHIBIT B

# TRUST AGREEMENT

## FOR THE

## JASMINE D. BUNTON TRUST

**TRUST AGREEMENT FOR THE JASMINE D. BUNTON TRUST** (the "Agreement") dated the 30th day of October, 2006, by and between the Grantor and the Trustee as hereinafter set forth.

**WHEREAS**, the Grantor desires to establish a trust in accordance with the terms and conditions of this Agreement; and

**WHEREAS**, the Trustee is amenable and willing to administer such trust and to effect the duties and responsibilities thereof in such capacity as set forth in this Agreement;

**NOW, THEREFORE**, in consideration of the mutual covenants set forth herein, the Grantor and the Trustee agree as follows:

## ARTICLE I

1.01   The trust that is established by this Agreement shall be designated as **THE JASMINE D. BUNTON TRUST** (the "Trust"), and may be referred to as such. This Agreement shall be designated as the **TRUST AGREEMENT FOR THE JASMINE D. BUNTON TRUST**, and may be referred to as such.

1.02   The Grantor of the trust is Lourenco P. Dossantos in his capacity as the legal guardian of Jasmine D. Bunton.

1.03   The Trustee of the Trust is Clifford J. Grandjean (the "Trustee").

1.04   The beneficiary (the "Beneficiary") of the Trust is Jasmine D. Bunton.

1.05   The Grantor hereby establishes the Trust by conveyance to the Trustee of the property (the "Trust Principal") that is described in the attached Schedule of Trust Principal. The Trustee hereby acknowledges receipt of the Trust Principal, and agrees to hold, administer and dispose of the Trust Principal, the income therefrom and any additional property that hereinafter may be added to the Trust Principal in accordance with the terms and conditions of this Agreement.

1.06 The repository institution is UBS Financial Services, 1 Post Office Square, Boston, MA 02109. The funds will be allocated according to the attached financial proposal prepared by Mr. Robert Ripp, Vice President Investments, UBS Financial Services (see **Attachment A**).

1.07   Any accumulated income that is added to the Trust Principal and any additional property that is added to the Trust Principal following the effective date of this Agreement shall be and constitute Trust Principal for purposes of this Agreement.

## ARTICLE II

2.01   The Trustee shall have the authority and power as he from time to time determines in the sole discretion thereof to administer the Trust Principal and the net income therefrom by (a) accumulating all or any part of the net income from the Trust Principal and adding such undistributed net income to the Trust Principal, and (b) distributing or applying for the benefit of the Beneficiary such amounts of net income from the Trust Principal or such amounts of the Trust Principal as the Trustee, after consideration of all circumstances and factors as they may deem pertinent, determine to be necessary and appropriate or desirable to provide for the health, welfare, maintenance, support in reasonable comfort, and best interests of the Beneficiary.

2.02   Notwithstanding the provisions of Section 2.01 of this Agreement, the Trustee shall have the power and authority to pay out of the net income from the Trust Principal or out of the Trust Principal for those medical expenses incurred by the Beneficiary prior to the effective date of this Agreement, as such medical expenses are set forth on the attached Schedule of Medical Expenses.

2.03   The Trust shall continue in effect for benefit of the Beneficiary until the earlier of (a) the date on which the Beneficiary attains the age of eighteen (18) years, or (b) the date of the Beneficiary's death, at which time the Trustee shall distribute the then balance of the Trust Principal (including such amounts of accumulated and undistributed net income from the Trust Principal that have been added thereto) in the following manner:

(i) In the event that the Beneficiary has attained the age of eighteen (18) years, the Trustee shall pay over and distribute the entirety of such amount to the Beneficiary in such manner as she shall direct in writing; or

(ii) In the event of the death of the Beneficiary prior to her having attained the age of eighteen (18) years, the Trustee shall pay over and distribute the entirety of such amount to the duly appointed legal representative(s) of the estate of the Beneficiary, to be distributed by such legal representative(s) to the heirs of the Beneficiary in accordance with and pursuant to the terms and conditions of the Last Will and Testament of the Beneficiary, if any, or otherwise in accordance with and pursuant to the provisions of the applicable laws of intestate distribution then in effect in the Commonwealth of Massachusetts; provided, however, that the Trustee shall not make any such distribution until evidence reasonably satisfactory thereto has been provided as to the appointment of such legal representative(s) by a court of competent jurisdiction.

2.04   The Trust is and shall be and constitute a "spendthrift trust." In accordance therewith, the following shall apply:

(i) No part of the net income from the Trust Principal or of the Trust Principal shall be assigned, transferred or conveyed by the Beneficiary, or shall be

subject to judicial process against the Beneficiary, before the same has been paid thereto;

(ii)   No part of the interest of the Beneficiary in the Trust Principal shall be subject to assignment, transfer, conveyance, pledge or hypothecation;

(iii)  Neither the Trust Principal nor the income therefrom shall be liable for any debt of the Beneficiary, whether in whole or in part, except as otherwise may be explicitly provided in this Agreement;

(iv)   Neither the Trust Principal nor the income therefrom may be seized, attached or in any manner taken by judicial proceeding against the Beneficiary on account of any debts, assignments, transfers, sales, conveyances or encumbrances of the Beneficiary; and

(v)    The Trustee shall pay to or on behalf of the Beneficiary such amounts as are paid thereto in accordance with and pursuant to the terms and conditions of this Agreement notwithstanding any purported assignment, transfer, conveyance, hypothecation, attachment or encumbrance by or against the Beneficiary, as if any of the foregoing events did not exist.

# ARTICLE III

3.01   The Trustee shall have the following powers and authority under this Agreement and with respect to the Trust, subject only to the terms and conditions of this Agreement, the provisions of applicable law, and the general requirement that the Trustee administer the Trust in a fiduciary capacity for benefit of the Beneficiary:

(i)   To retain for any period of time without limitation, and without liability for loss or depreciation in value, the Trust Principal;

(ii)   To sell at public or private sale, wholly or partly for cash or on credit, contract to sell, grant or exercise options to buy, convey, transfer, exchange, or lease the property constituting the Trust Principal, whether in whole or in part, and in general to deal otherwise with the Trust Principal in such manner, for such prices, and on such terms and conditions as any individual might do as outright owner of such property;

(iii)   To borrow money at interest rates then prevailing from any individual, bank, or other source, irrespective of whether any such individual or bank may then be acting as a Trustee hereunder, and to create security interests in the Trust Principal by mortgage, pledge, or otherwise;

(iv) To invest in bonds, common or preferred stocks, notes, real estate mortgages, common trust funds, shares of regulated investment companies, currencies, partnership interests (whether general special, or limited), interests as members in limited liability companies, or other securities or property, real or personal, domestic or foreign, including partial interests such as life estate, term or remainder interests, without being limited by any statute or rule of law governing investments by Trustee;

(v) To make allocations, divisions, and distributions of Trust Principal in cash or in kind, or partly in each;

(vi) To exercise in person or by general or limited proxy all voting and other rights, powers, and privileges with respect to the Trust Principal, and to take all steps to realize all benefits with respect to stock or other securities; and to enter into or oppose, alone or with others, voting trusts, mergers, consolidations, foreclosures, liquidations, reorganizations, or other changes in the financial structure of any corporation or other business entity in which any portion of the Trust Principal is invested;

(vii) To cause any security or other property to be held, without disclosure of any fiduciary relationship, in the name of the Trustee, in the name of a nominee, or in unregistered form;

(viii) To pay all fees and expenses incurred in the administration of the Trust, and to employ or appoint and pay reasonable compensation to accountants, depositaries, investment advisors, attorneys, attorneys-in-fact, and agents (with or without discretionary powers);

(ix) To deal with the fiduciary or fiduciaries of any other trust or estate, notwithstanding any Trustee being the fiduciary or one of the fiduciaries of any such other trust or estate;

(x) To compromise or abandon any claim in favor of or against the Trust;

(xi) To make such elections and allocations under applicable tax laws that are permitted to be made by the Trustee as the Trustee considers advisable (whether or not the election relates to the Trust Principal);

(xii) To execute instruments of any kind, including instruments containing covenants and warranties binding upon and creating a charge against the Trust Principal and containing provisions excluding personal liability; and

(xiii) To perform all other acts necessary and appropriate to accomplish the proper management, investment, and distribution of the Trust Principal.

3.02    The powers and authority set forth in Section 3.01 of this Agreement shall be in addition to such powers and authority as are granted by the provisions of applicable law, and may be exercised by the Trustee until final distribution of the Trust Principal as provided in this Agreement.

3.03    The Trustee and any successor who is an licensed attorney, CPA or Banker or any institutional trustee shall be entitled to reasonable fees commensurate with his duties and responsibilities in such capacity, taking into account and consideration the nature of the Trust, the value of the Trust Principal, and the duties and responsibilities of the Trustee under this Agreement, compensation for such services to be on the basis of the usual and customary charges for legal or accounting services, as the case may be, charged thereby. The Trustee shall be entitled to reimbursement for the reasonable costs, fees and expenses they incur in the performance of their duties and responsibilities under this Agreement.

3.04    To the extent that such requirement legally can be waived, (a) no Trustee shall be required to furnish any bond or other security as Trustee, or (b) to qualify before, be appointed by, account to any court, or to obtain the order or approval of any court with respect to the exercise of any power, authority or discretion granted to the Trustee under this Agreement.

3.05    The exercise or nonexercise by the Trustee of the powers and authority granted thereto under this Agreement shall be conclusive on all persons to the extent that such exercise or nonexercise is made in good faith.

3.06   The Trustee shall not be personally liable to the Beneficiary, to any other person having an interest in the Trust, or to any third party for any claim against the Trust for any diminution in value of the Trust Principal due to the exercise or nonexercise made in good faith by the Trustee of the powers and authority granted thereto under this Agreement.

3.07   The Trustee shall keep and maintain complete and accurate records concerning the Trust and all actions and transactions taken by the Trustee with respect to the Trust and the Trust Principal.  Such records shall be made available to the Beneficiary or to any other person having an interest in the Trust at any reasonable time upon the request thereof.

## ARTICLE IV

4.01   Any Trustee may resign at any time by providing written notice of such resignation to the Grantor not less than thirty (30) days prior to the effective date of such resignation, after which such effective date the resigning Trustee shall have no power or authority to act as Trustee with respect to the Trust under this Agreement or otherwise.

4.04   In the event of the death of the Trustee prior to the termination of the Trust, the Grantor or his personal representative shall be required to appoint such person or business entity as he may determine with the approval of the Court to succeed Trustee Grandjean as Trustee under this Agreement.

4.05  Any successor Trustee under this Agreement shall upon the appointment thereof execute such written instrument as the Grantor reasonably may require accepting such appointment and agreeing to serve as Trustee in accordance with the terms and conditions of this Agreement. Such successor Trustee thereupon shall have all of the rights, powers, authority, duties, responsibilities, obligations and discretion of the Trustee initially named in Section 1.02 of this Agreement. No successor Trustee shall be personally liable for any act or failure to act as Trustee by the predecessor thereof.

## ARTICLE V

5.01  The Trust and this Agreement shall be effective as of October 30, 2006. The Trust shall terminate at such time as the Trust Principal has been distributed in its entirety in accordance with the provisions of Section 2.02 of this Agreement, at which time the Trustee shall be released and discharged from their duties and responsibilities as Trustee hereunder.

5.02  The Trust is and constitutes an irrevocable trust, and neither the Trust nor this Agreement shall be revoked, amended, modified or terminated, whether in whole or in part, by the Grantor.

## ARTICLE VI

6.01  The Trust shall be deemed to constitute a trust created under the laws of the Commonwealth of Massachusetts, and, notwithstanding the situs of the Trust Principal from time

to time, the Trust and this Agreement in all respects shall be construed and interpreted in accordance with and governed by the laws of the Commonwealth of Massachusetts.

6.02   The Schedules to this Agreement are incorporated herein by reference.

6.03   If any provision of this Agreement is determined to be invalid by any court of competent jurisdiction, then such invalidity shall not affect any other provision that can be given effect without that held invalid, provided that the result would not frustrate or abrogate the purpose or intent of this Agreement or invalidate the Trust.

6.04   This Agreement may be executed in multiple counterparts, each of which shall be an original and which shall constitute one and the same Agreement.

**IN WITNESS WHEREOF**, this Agreement has been executed and delivered by each of the undersigned in the respective capacities indicated on the date and year first set forth above.

_____
Lourenco P. Dossantos
Grantor

_____
Clifford J. Grandjean
Trustee

13

## Commonwealth of Massachusetts
## County of Suffolk, ss.

On this the 30th day of October, 2006, before me the undersigned authority, personally appeared Lourenco P. Dossantos, the Grantor under the foregoing instrument as aforesaid, and the said Lourenco P. Dossantos, being personally known to me to be the person whose name is subscribed to such instrument, acknowledged that he executed it voluntarily for the purposes set forth therein.

_____
Notary Public

My Commission Expires: _____

14

## Commonwealth of Massachusetts
## County of Suffolk, ss.

On this the ___ day of _____, 2006, before me the undersigned authority, personally appeared Clifford P. Grandjean, the Trustee under the foregoing instrument as aforesaid, and the said Clifford P. Grandjean, being personally known to me to be the person whose name is subscribed to such instrument, acknowledged that he executed it voluntarily for the purposes set forth therein.

_____
Notary Public

My Commission Expires: _____

## **Schedule of Trust Principal**

The Trust Principal as of the effective date of the Trust Agreement for the Jasmine D. Bunton Trust to which this Schedule is attached consists of the amount of Two Hundred Forty One Thousand and Two Hundred and Two and 56/100 (241,282.56) Dollars.

Schedule of Medical Expenses                                                                 10/27/06

| Provider | Dates of Service | Claim Amount | Benefit Amount |
|---|---|---|---|
| Boston Medical Center | 04-16-04 - 04-16-04 | $2,081.47 | $1,689.10 |
| Boston Medical Center | 04-16-04 - 04-16-04 | $729.67 | $603.53 |
| Boston Medical Center | 04-16-04 - 04-16-04 | $414.65 | $342.97 |
| Boston Univ. Radio Ass. | 04-16-04 - 04-16-04 | $25.00 | $25.00 |
| Child Hlth. FND Boston | 04-16-04 - 04-16-04 | $385.00 | $300.00 |
| New England Medical Center | 04-28-04 - 04-28-04 | $266.49 | $86.00 |
| New England Medical Center | 04-28-04 - 04-28-04 | $303.28 | $101.00 |
| New England Medical Center | 04-28-04 - 04-28-04 | $349.74 | $207.25 |
| New England Medical Center | 05-07-04 - 05-07-04 | $22,528.04 | $1,029.51 |
| Pratt Anes Asc. Inc | 05-07-04 - 05-07-04 | $1,904.00 | $160.00 |
| Pratt Ortho Grp | 05-07-04 - 05-07-04 | $3,585.00 | $1,305.32 |
| New England Medical Center | 05-07-04 - 05-07-04 | $1,516.45 | $1,110.28 |
| New England Medical Center | 05-07-04 - 05-07-04 | $349.74 | $207.25 |
| New England Medical Center | 08-11-04 - 08-11-04 | $263.79 | $86.00 |
| New England Medical Center | 09-26-04 - 09-26-04 | $264.00 | $0.00 |
| New England Medical Center | 10-07-04 - 10-07-04 | $7,930.61 | $1,029.51 |
| Pratt Anes. ASC Inc. | 10-07-04 - 10-07-04 | $816.00 | $128.00 |
| Pratt Ortho Grp | 10-07-04 - 10-07-04 | $1,650.00 | $490.25 |
| New England Medical Center | 10-22-04 - 10-22-04 | $349.01 | $207.25 |
| New England Medical Center | 10-22-04 - 10-22-04 | $69.48 | $51.00 |
| New England Medical Center | 11-22-04 - 11-22-04 | $68.58 | $20.00 |
| | | $45,850.00 | $9,179.22 |